Mitchell J. Auslander (MA 1224)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8201

*Attorneys for the Marsh Defendants*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                                           :
TIARA CONDOMINIUM ASSOCIATION,                             :
INC.                                                       :
                                                           :
                              Plaintiff,                   :        CASE NO.  07-CIV-9392
                                                           :
                    - against -                            :        Judge Harold Baer, Jr.
                                                           :
                                                           :        ELECTRONICALLY FILED
MARSH & MCLENNAN COS., INC., *et al.*,                     :
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------x


### MEMORANDUM OF LAW IN SUPPORT OF THE
### MARSH DEFENDANTS' MOTION TO DISMISS


**DATED:  JANUARY 14, 2008**

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................1

TIARA'S FACTUAL ALLEGATIONS.................................................................2

STANDARD OF REVIEW ....................................................................................4

ARGUMENT ..........................................................................................................5

    I.   FLORIDA LAW APPLIES TO THE COMMON LAW TORT CLAIMS. .................5

    II.  THE ECONOMIC LOSS RULE BARS TIARA'S TORT CLAIMS. ........................6

        A.     Florida's Economic Loss Rule............................................................6

        B.     The Economic Loss Rule Bars Tiara's Negligence Claim. ................7

        C.     The Economic Loss Rule Bars The Fraud and Negligent
              Misrepresentation Claims. ..................................................................9

    III. TIARA HAS FAILED TO PLEAD FRAUD AND NEGLIGENT
        MISREPRESENTATION WITH SUFFICIENT PARTICULARITY AND
        HAS FAILED TO ALLEGE THE NECESSARY ELEMENTS OF THOSE
        CLAIMS. .............................................................................................10

        A.     Tiara Fails To Plead Fraud Or Negligent Misrepresentation With
              Particularity.......................................................................................10

        B.     Tiara Has Not Alleged Facts That Given Rise To A Strong Inference
              Of Fraudulent Intent.........................................................................13

        C.     Tiara Has Not Adequately Pled Reasonable Reliance. ....................14

        D.     Tiara Has Not Adequately Pled That Its Injury Was Proximately
              Caused By The Alleged Misrepresentations......................................15

    IV. THE NEGLIGENCE CLAIM SHOULD BE DISMISSED BECAUSE TIARA
        HAS NOT ALLEGED THAT MARSH'S PURPORTED NEGLIGENCE
        CAUSED BODILY INJURY OR PROPERTY DAMAGE.......................................16

CONCLUSION......................................................................................................18

# TABLE OF AUTHORITIES

## FEDERAL CASES

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 .......................................................4

*Abdelhamid v. Altria Group, Inc.*, 2007 U.S.Dist. LEXIS 33938 .......................................5

*Behrman v. Allstate Insurance Co.*, 388 F.Supp.2d 1346 (S.D.Fla. 2005), ....................7, 9

*Bailey v. Janssen Pharmaceutica., Inc.*, No. 06-80702, 2006 WL 3665417 .....................11

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 ....................................................................4

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 ......................................................................4

*Chill v. General Electric Co.*, 101 F.3d 263 .......................................................................14

*Dooner v. Keefe, Bruyette & Woods, Inc.*, 157 F.Supp.2d 265 ...................................13, 14

*Eye Care International, Inc. v. Underhill*, 92 F.Supp.2d 1310............................................9

*First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763 ...............................................4

*Homburger v. Venture Minerals, Inc.*, 1985 WL 549.........................................................13

*Johnson v. Amerus Life Insurance Co.*, No. 05-61363, 2006 WL 3826774 ......................11

*Jones v. Childers*, 18 F.3d 899.............................................................................................7

*Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487.......................................5

*La Luna Enterprise, Inc. v. CBS Corp.*, 74 F.Supp.2d 384..................................................5

*Lerner v. Fleet Bank, N.A,.*, 459 F.3d 273 .....................................................10, 11, 13, 14

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170 .................................................................10

*Papasan v. Allain*, 478 U.S. 265.........................................................................................4

*Red Ball Interior Demolition Corp. v. Palmadessa*, 874 F.Supp. 576 .................11, 12, 13

*Roberts v. Rayonier*, 135 Fed. Appx. 351.....................................................................14, 15

*Rosenberg v. Pillsbury Co.*, 718 F.Supp. 1146 ...................................................................5

*Royal Surplus Lines Ins. Co. v. Coachman Indus., Inc.*, 184 Fed. Appx. 894................7, 8

*Simon v. Castello*, 172 F.R.D. 103.....................................................................................12

*Souran v. Travelers Insurance Co.*, 982 F.2d 1497 ............................................................11

*ThunderWave, Inc. v. Carnival Corp.*, 954 F.Supp. 1562 ...................................................9

*Topp, Inc. v. Uniden America Corp.*, 513 F.Supp.2d 1345 ..............................................7, 9

*United States ex rel. Sarafoglou v. Weill Medical College of Cornell University*,
    451 F.Supp.2d 613 ......................................................................................................11

*Warter v. Boston Securities*, 2004 U.S.Dist. LEXIS 5682 ...........................................8, 17

*Xerion Partners I LLC v. Resurgence Asset Management, LLC*, 474 F.Supp.2d
    505................................................................................................................................11

## STATE CASES

*HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238 ....................................9

*Indemnity Insurance Co. of N. America v. America Aviation, Inc.*, 891 So. 2d 532 ...6, 7, 8

*Monroe v. Sarasota County. Sch. Board*, 746 So. 2d 530 ...........................................16, 17

*Morgan v. W.R. Grace & Co.*, 779 So. 2d 503 .................................................................11

*Ostreyko v. B.C. Morton Organization, Inc.*, 310 So. 2d 316...........................................11

*Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489 .......................................9

## FEDERAL STATUTES

28 U.S.C. § 1404...................................................................................................................1

Fed. R. Civ. P. 9..................................................................................................................10

Marsh & McLennan Companies, Inc., Marsh Inc. and Marsh USA Inc. (collectively, "Marsh"), by and through their undersigned attorneys, respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint filed by Tiara Condominium Association, Inc. ("Tiara").[1]

## INTRODUCTION

This case involves a dispute between a Florida insurance broker and its Florida client concerning a wind damage insurance policy placed in Florida covering a luxury high-rise condominium in Florida that was damaged by two hurricanes. The Complaint alleges that Marsh failed to procure adequate policy limits for the wind damage coverage. Plaintiff asserts causes of action for negligence, fraud and negligent misrepresentation and seeks to recover compensatory damages, interest, and attorneys' fees and costs.

The economic loss rule bars all of the tort claims in this case. Under Florida law, the economic loss rule prohibits tort actions to recover solely economic damages for parties in contractual privity. In this case, Tiara alleges that it retained Marsh to procure the wind damage policy and make recommendations concerning the appropriate limits of liability under that policy. Tiara's claims all sound in tort and are based upon Marsh's alleged failure to procure adequate policy limits and alleged misrepresentations made by Marsh concerning those limits. Because Tiara's claims all seek to recover only economic losses and because they are inextricably intertwined with Marsh's purported contractual obligations to Tiara, they are barred by the economic loss rule. Tiara is fully aware of the economic loss rule because Judge Hurley

---

[1] Marsh is simultaneously filing with the Court its Motion to Transfer Venue to the Southern District of Florida, pursuant to 28 U.S.C. § 1404(a).

4089711.1

of the Southern District of Florida has previously ruled that Tiara's tort claim against a public adjuster was barred by this doctrine. (*See* Declaration of Gregory Conway ¶ 3, Ex. A.)

Tiara's claims also should be dismissed for failure to plead sufficiently the essential elements of those claims. The fraud claims fail because, among other deficiencies, Tiara does not allege with sufficient particularity (i) facts giving rise to a strong inference that any of the Marsh defendants made the alleged statements with fraudulent intent; (ii) that Tiara reasonably relied on the alleged misstatements; or (iii) that Tiara suffered any injury proximately caused by those statements. And, Tiara's failure to plead with particularity the actual involvement and role of each of the three Marsh defendants in the alleged fraud is fatal. Tiara simply lumps together all of the Marsh defendants and does not allege what particular statements were made by each defendant. Likewise, the negligent misrepresentation claim fails because Tiara did not plead particularized facts supporting that claim, such as reasonable reliance and proximate causation.

Tiara's negligence claim fails for the additional reason that Tiara did not plead the essential elements of that claim. Under Florida law, an essential element of negligence is bodily injury or property damage. Here, Tiara has not alleged that it suffered any bodily injury or property damage from Marsh's purported negligence. Therefore, the negligence claim should be dismissed as a matter of law.

## TIARA'S FACTUAL ALLEGATIONS

Tiara retained Marsh to act as its insurance broker for various lines of insurance coverage. (Compl. ¶¶ 9-11.) In particular, Marsh placed a wind damage insurance policy with Citizens Property Insurance Corporation ("Citizens"). (*Id.* ¶¶ 12-14.) Tiara alleges that it instructed Marsh to procure wind coverage with per occurrence limits of almost $50 million. (*Id.* ¶¶ 12-13.) This policy was purchased through Marsh USA's offices in Florida for property located in that state. (*Id.* ¶ 6.)

On or about September 4, 2004, Hurricane Frances caused property damage to the Tiara condominium project. (*Id.* ¶ 16.) A few weeks later, on or about September 25, 2004, Hurricane Jeanne purportedly caused additional damage to the condominium project. (*Id.* ¶ 17.) After the hurricanes, Tiara began to remediate its losses, including drying out the building as directed by Citizens. (*Id.* ¶¶ 19, 23, 46.) Despite being advised by "other professionals" that the drying out process was ineffective, Tiara continued in those efforts because it believed it had two policy limits. (*Id.*) In or about November or December 2004, Tiara alleges that it became concerned that its total damages would exceed the single occurrence limit and, as a result, Tiara asked Marsh whether two policy limits would be available, assuming the two hurricanes were considered separate occurrences. (*Id.* ¶ 20.) In January 2005, Tiara claims that Marsh "assured" it that two policy limits were available under the policy and, based on that assurance, Tiara proceeded with the remediation efforts, including the admittedly "largely ineffective" drying process. (*Id.*)

On or about July 28, 2005, Citizens advised Tiara that two policy limits were not available under the policy. (*Id.* ¶¶ 21-22.) Tiara alleges that it had instructed Marsh to purchase such per occurrence limits. (*Id.*) As a result of Marsh's purported acts or omissions, Tiara contends it did not have sufficient insurance proceeds to repair the damage to the condominium project. (*Id.* ¶ 24.) However, Tiara has recovered tens of millions of dollars from Citizens. In fact, the Complaint alleges that Citizens paid Tiara almost $50 million dollars under the policy before Tiara received even more money from Citizens as part of the settlement of its lawsuit against Citizens over a second $50 million dollar limit. (*Id.* ¶¶ 21-22, 30, 41, 50.) Thus, according to the Complaint, Tiara has already received in excess of $50 million in insurance proceeds for its losses.

-3-

The Complaint asserts a negligence claim and two fraud counts. (*Id.* ¶¶ 25-50.) Tiara seeks to recover purely economic damages in the form of compensatory damages, interest, and attorneys' fees and costs. (*Id.* ¶¶ 30, 41, 50.) There are no allegations of personal injury or property damage resulting from Marsh's conduct. (*Id.*)

## STANDARD OF REVIEW

A Rule 12(b)(6) motion may be granted if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Recently, the Supreme Court held that in order to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)[2]; *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The Court explained that a complaint must plead "enough facts to state a claim to relief that is plausible on its face" thereby crossing "the line from conceivable to plausible." *Id.* at 1974. The Court also noted that "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 1964-65. Indeed, legal conclusions made in the guise of factual allegations are given no presumption of truthfulness for purposes of deciding a Rule 12 motion. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true).

---

[2] The Supreme Court held that the pleading standard articulated in *Conley v. Gibson* -- that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" -- has "earned its retirement" and "is best forgotten." *Twombly*, 127 S. Ct. at 1968-69.

4089711.1

## ARGUMENT

## I.    FLORIDA LAW APPLIES TO THE COMMON LAW TORT CLAIMS.

In diversity cases, district courts must look to the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 494 (1941). Because this case was brought in the Southern District of New York, New York choice of law rules apply. *Id.* New York law requires courts to employ the "interest analysis" approach to determine which state's law governs a tort claim. *Abdelhamid v. Altria Group, Inc.*, 2007 U.S. Dist. LEXIS 33938, at *2 (S.D.N.Y. May 8, 2007); *Rosenberg v. Pillsbury Co.*, 718 F. Supp. 1146, 1150 (S.D.N.Y. 1989). Under the "interest analysis" approach, the law of the jurisdiction having the greatest interest in the litigation will be applied to the dispute. *Id.* Under this approach, "the significant contacts [are] 'almost exclusively, the parties' domiciles and the locus of the tort.'" *Id.* at *3 (citations omitted). Indeed, "in applying New York's choice of law rules, federal district courts have continued to emphasize the locus of the tort in determining which state's law applies." *Rosenberg*, 718 F. Supp. at 1150. In the present case, the locus of the alleged torts is unquestionably Florida.

Under New York law, the locus of the tort is the place where the alleged injury was inflicted. *See La Luna Enter., Inc. v. CBS Corp.*, 74 F. Supp. 2d 384, 389 n.2 (S.D.N.Y. 1999) ("The locus of a tort is generally determined by the place where the plaintiff suffered injury.") (citation omitted). *See also Rosenberg,* 718 F. Supp. at 1150 (locus of a fraud is "'the place where the injury was inflicted.'"); *Abdelhamid*, 2007 U.S. Dist. LEXIS, at *4 (locus of negligence is where tort occurred and caused injury). In this case, Florida is the place where Tiara alleges it incurred "significantly higher remediation costs," "prematurely settle[d] its dispute with CITIZENS" and lacked sufficient insurance proceeds to "completely repair" the condominium. (Compl. ¶¶ 24, 41, 50.) Moreover, the course of dealing and conduct regarding

the placement of the policy occurred in Florida, and the alleged misrepresentations were directed towards Tiara, a Florida citizen, in Florida. (Compl. ¶ 6 ("This matter involves a transaction whereby TIARA purchased an insurance policy through Defendants in the State of Florida for property located in Florida"); *see also* ¶¶ 25-30.) Accordingly, Florida law applies to the tort claims asserted against Marsh.

## II.    THE ECONOMIC LOSS RULE BARS TIARA'S TORT CLAIMS.

Tiara asserts claims for negligence, fraud and negligent misrepresentation against Marsh. (Compl. Counts I-III; ¶¶ 34, 45.) These tort claims are based on Marsh's placement of a wind damage policy for Tiara and alleged representations made by Marsh concerning the policy limits under that policy. (*Id.*) Tiara seeks recovery for economic losses only in the form of compensatory damages, interest, and attorney's fees and costs allegedly resulting from insufficient insurance proceeds. (*Id.* ¶¶ 30, 41, 50.) As demonstrated below, the economic loss rule bars these tort claims as a matter of law.

### A.    Florida's Economic Loss Rule.

The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses. *See Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004). "Economic losses are, simply put, disappointed economic expectations." *Id.* at 536 n.1.

In Florida, the economic loss rule has been applied when the parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract. *Id.* The prohibition against tort actions to recover solely economic damages for those in contractual privity is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort. *Id.* "Thus, when the parties are in privity, contract principles are generally more appropriate for determining remedies for

consequential damages that the parties have, or could have, addressed through their contractual

agreement." *Id.* at 536-37.

Under Florida's economic loss rule, "courts have held that a tort action is barred where a

defendant has not committed a breach of a duty apart from a breach of contract." *Am. Aviation*,

891 So. 2d at 537 (citations omitted); *see also Topp, Inc. v. Uniden Am. Corp.*, 513 F. Supp. 2d

1345, 1348 (S.D. Fla. 2007) ("If the parties have contractual privity, and a claim for tort simply

restates a claim for breach of contract, the tort claim is barred."). And, "[w]here the facts

surrounding a breach of contract action are indistinguishable from an alleged tort, and where the

alleged tort does not cause harm distinct from that caused by the breach of contract, a plaintiff is

barred from bringing a separate tort action." *Behrman v. Allstate Ins. Co.*, 388 F. Supp. 2d 1346,

1349 n. 4 (S.D.Fla. 2005), *aff'd* 178 Fed. Appx. 862 (11th Cir. 2006) (citation omitted); *see also*

*Royal Surplus Lines Ins. Co. v. Coachman Indus., Inc.*, 184 Fed. Appx. 894, 902 (11th Cir. 2006)

(citing *Jones v. Childers*, 18 F.3d 899, 904 (11th Cir. 1994) ("the economic loss rule provides

that 'parties to a contract can only seek tort damages if conduct occurs that establishes a tort

distinguishable from or independent of [the] breach of contract.'").

**B.    The Economic Loss Rule Bars Tiara's Negligence Claim.**

The economic loss rule bars a negligence action to recover solely economic damages

where the parties are in contractual privity. *Am. Aviation*, 891 So. 2d at 534. In this case, Tiara

alleges that the parties were in contractual privity. In particular, the Complaint alleges that

"TIARA ***retained*** MARSH to procure quotes for a number of insurance policies pertaining to the

Condominium Project and TIARA's business operation." (Compl. ¶ 9) (emphasis added)). In

that role, the Complaint alleges that Marsh "proposed and recommended" that Tiara purchase the

wind damage policy at issue here (*id.* ¶ 10), that Marsh "advised" Tiara concerning the "specific

policy limits that should be purchased" under that policy (*id.* ¶ 11), and that Tiara "accepted

MARSH's recommendation and advice and instructed MARSH to procure [the] wind damage policy" (*id.* ¶¶ 12-13). Accordingly, Tiara alleges that it was in contractual privity with Marsh for purposes of applying the economic loss rule.

The economic loss rule bars Tiara's negligence claim because it seeks to recover only economic losses. *Am. Aviation*, 891 So. 2d at 534. The Complaint alleges that Marsh was negligent in failing to procure adequate insurance coverage for Tiara and that purported negligence resulted in solely economic damages, and no personal injury or property damage. (Compl. ¶¶ 24, 26, 28-30.) In this case, Tiara seeks to recover compensatory damages, interest, and attorney's fees and costs because it allegedly did not have sufficient insurance proceeds to repair the condominium. (*Id.* ¶¶ 24, 30, 41, 50.) Clearly, the purported damages here are purely economic and, as such, they may not be recovered in a negligence action. *Am. Aviation*, 891 So. 2d at 534; *Royal Surplus*, 184 Fed. Appx. at 902.

*Warter v. Boston Secs.*, 2004 U.S. Dist. LEXIS 5682 (S.D. Fla. 2004) is instructive. In *Warter*, the plaintiffs brought an action against various defendants seeking to recover investment funds that had been embezzled by a securities brokerage firm. *Id.* at *4-11. The negligence claim alleged that the securities brokerage firm failed to stop the broker from making unauthorized withdrawals and embezzling client funds and failed to inform plaintiffs of the broker's prior thefts of client funds. *Id.* at *9-10. Plaintiffs' only losses were economic losses. *Id.* at *34. In dismissing the negligence claim, the Court held that "Florida's economic loss doctrine provides that a party may not recover purely economic damages in a negligence action absent allegations of separate physical injury or property damage." *Id.* (citation omitted). Here, the Complaint does not allege any separate physical injury or property damage. Accordingly, the economic loss rule bars Tiara's negligence claim.

**C.      The Economic Loss Rule Bars The Fraud and Negligent Misrepresentation Claims.**

The economic loss rule also bars fraud and negligent misrepresentation claims that are based on the performance of a contract. *See Topp*, 513 F. Supp. 2d 1348-49 ("Misrepresentations relating to the breaching party's performance under a contract do not give rise to an independent cause of action because such misrepresentations are interwoven and indistinct from the heart of the contractual agreement."); *Behrman*, 388 F. Supp. 2d at 1349 (economic loss rule barred fraud and negligent misrepresentation claims because they were not "independent from [the] breach of contract claim"); *Eye Care Int'l, Inc. v. Underhill*, 92 F. Supp. 2d 1310, 1314 (M.D. Fla. 2000) ("If claims relate to fraud in the performance [of a contract], the economic loss rule will preclude fraud recovery"); *ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1568 (S.D. Fla. 1997) (citing *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1240 (Fla. 1996)) (dismissing fraud and negligent misrepresentation claims because the "alleged fraud is fraud 'interwoven with the breach of contract' and is barred by the economic loss rule").[3]

Here, the fraud and negligent misrepresentation claims are inextricably intertwined with the alleged contractual obligations of Marsh. The Complaint alleges that Marsh was retained to procure insurance quotes, advise Tiara as to the appropriate limits of liability and recommend the best insurance policies. (Compl. ¶¶ 9-13.) In its fraud counts, Tiara alleges that Marsh misrepresented that it had procured adequate limits of liability to protect Tiara. (*Id.* ¶¶ 33, 44.)

---

[3] *See also Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 498 (4th Fla. Dist. Ct. App. 2001) ("because fraud in the performance cases involve misrepresentations related to the breaching party's performance of a contract and thus fraud in the performance is inextricably linked to breach of contract, the economic loss rule bars the Plaintiff's cause of action for fraud in the performance.") (citations omitted).

These fraud allegations are inseparable from Marsh's alleged failure to perform under the purported agreement between the parties. That is, Marsh allegedly failed to procure adequate limits of liability for Tiara. (*Id.* ¶¶ 9-13.) In addition, in support of its fraud claims, Tiara explicitly realleges and incorporates the same factual allegations concerning the purported contractual relationship between parties. (*Id.* ¶¶ 31, 42.) Under these circumstances, the fraud claims are inextricably intertwined with the alleged contractual obligations of Marsh. Accordingly, the economic loss rule bars the fraud and negligent misrepresentation claims as a matter of law.

### III.  TIARA HAS FAILED TO PLEAD FRAUD AND NEGLIGENT MISREPRESENTATION WITH SUFFICIENT PARTICULARITY AND HAS FAILED TO ALLEGE THE NECESSARY ELEMENTS OF THOSE CLAIMS.

Tiara has not satisfied the heightened pleading standard for fraud and negligent misrepresentation claims. In addition, Tiara has not adequately alleged the essential elements of those claims. Accordingly, as demonstrated below, these claims should be dismissed as a matter of law.

#### A.  Tiara Fails To Plead Fraud Or Negligent Misrepresentation With Particularity.

Tiara's fraud and negligent misrepresentation claims should be dismissed for the additional reason that Tiara has not adequately pled with particularity these claims. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). To state a claim with the requisite particularity, a complaint must (i) specify the statements that the plaintiff contends were fraudulent, (ii) identify the speaker, (iii) state where and when the statements were made, and (iv) explain why the statements were fraudulent. *See Lerner v. Fleet Bank, N.A,.* 459 F.3d 273, 291 (2d Cir. 2006) (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)). "In short, a plaintiff

must 'set forth the who, what, when, where and how of the alleged fraud.'" *Xerion Partners I LLC v. Resurgence Asset Mgmt., LLC*, 474 F. Supp. 2d 505, 516 (S.D.N.Y. 2007) (quoting *United States ex rel. Sarafoglou v. Weill Med. Coll. of Cornell Univ.*, 451 F. Supp. 2d 613, 623 (S.D.N.Y. 2006). In Florida, a negligent misrepresentation claim sounds in fraud rather than negligence. *Ostreyko v. B.C. Morton Org., Inc.*, 310 So. 2d 316, 318 (Fla. 3d Dist. Ct. App. 1975) ("In this state, a negligent misrepresentation is considered tantamount to actionable fraud"); *Johnson v. Amerus Life Ins. Co.*, No. 05-61363, 2006 WL 3826774, at *4 (S.D. Fla. Dec. 27, 2006) (quoting *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1511 (11th Cir. 1993)). As a result, a negligent misrepresentation claim must be pled with the same particularity as a fraud claim. *See Johnson*, 2006 WL 3826774, at *4; *Bailey v. Janssen Pharmaceutica., Inc.*, No. 06-80702, 2006 WL 3665417, at *7 (S.D. Fla. Nov. 14, 2006); *Morgan v. W.R. Grace & Co.*, 779 So. 2d 503, 506 (Fla. 2d Dist. Ct. App. 2000).

The Complaint does not satisfy the heightened pleading requirements for fraud and negligent misrepresentation. In Count II, Tiara alleges that Marsh made "material false misrepresentations" concerning the "per-occurrence limit" under the wind damage policy. (Compl. ¶ 33.) However, Tiara has not alleged, with sufficient particularity, the basis for this fraud claim. The Complaint contains no particularized allegations concerning precisely what representations were made to Tiara, who at Marsh made such representations, where and when the statements were made, and why the statements were fraudulent. *Lerner,* 459 F.3d at 291. Instead, all that Tiara offers are conclusory allegations which simply are not enough to state a fraud claim. *See Red Ball Interior Demolition Corp. v. Palmadessa*, 874 F. Supp. 576, 584 (S.D.N.Y. 1995) ("Conclusory allegations of wrongdoing do not satisfy the requirements imposed by Rule 9(b)").

In Count III, Tiara again alleges that Marsh "misrepresented" the available policy limits and, in support of that count, relies upon a letter from Marsh to Tiara purportedly concerning the limits under the policy. (Compl. ¶ 44; Ex.1.) However, this is not enough to meet the heightened pleading standard for fraud. The Complaint does not specifically identify which of the various statements made in the two-page letter were false statements of material facts. Tiara also fails to allege with sufficient particularity how and why the statements in the letter were false, or that the author knew that the statements were false at the time they were made. (*See infra* § III.B.) Furthermore, the Complaint fails to allege any particularized facts demonstrating that Marsh intended for Tiara to rely on the purported misrepresentations in making its remediation decisions, or that such reliance proximately caused it injury. (Compl. ¶ 46; *see also infra* §§ III.C, III.D.) The Complaint omits these crucial particularized facts and replaces them with mere conclusions of law masquerading as factual allegations.

Tiara's failure to plead with specificity the circumstances constituting fraud in this case is compounded because Tiara has alleged fraud against multiple defendants. Rule 9(b) requires that the complaint allege the actual involvement and role of each defendant in the alleged fraud. *Red Ball*, 874 F. Supp. at 584 ("the complaint may not rely upon blanket references to acts or omissions by all of the defendants, for each defendant named in the complaint is entitled to be appraised of the circumstances surrounding the fraudulent conduct with which he individually stands charged.") (citation omitted); *Simon v. Castello*, 172 F.R.D. 103, 106 (S.D.N.Y. 1997) ("[W]here multiple Defendants are alleged to have committed fraud, the Complaint must allege specifically the fraud perpetrated by each defendant.") (citation and internal quotation marks omitted). Here, the Complaint simply lumps together all of the Marsh defendants and does not even attempt to specifically allege what each particular defendant did or said, by what means,

when, to whom and with what intent.  This is insufficient as a matter of law.  *See Homburger v. Venture Minerals, Inc.*, 1985 WL 549, at * 2 (S.D.N.Y. Apr. 25, 1985).

In sum, the fraud and negligent misrepresentation claims should be dismissed for failure to plead fraud with particularity.

**B.    Tiara Has Not Alleged Facts That Given Rise To A Strong Inference Of Fraudulent Intent.**

In order to satisfy Rule 9(b), a plaintiff alleging common law fraud "must allege facts that give rise to a strong inference of fraudulent intent." *Lerner*, 459 F.3d at 290; *see also Dooner v. Keefe, Bruyette & Woods, Inc.*, 157 F. Supp. 2d 265, 278 (S.D.N.Y. 2003); *Red Ball*, 874 F. Supp. at 589.  "The requisite strong inference of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* at 290-91 (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (internal quotation marks omitted)); *see also Dooner*, 157 F. Supp. 2d at 278; *Red Ball*, 874 F. Supp. at 589.

In this case, Tiara alleges in completely conclusory fashion that Marsh "intentionally made material false representations to TIARA concerning the coverage and terms of the Wind Damage Policy in that MARSH represented to TIARA that the Wind Damage Policy had a per-occurrence limit" of almost $50 million.  (Compl. ¶¶ 33, 44.)  Tiara further alleges that Marsh made these representations "with the intent that TIARA rely upon them" and that Tiara did so "when it decided to continue the dry out process."  (*Id.* ¶¶ 38, 46.)  These conclusory and speculative allegations fail to give rise to *any* inference -- let alone a strong one -- of fraudulent intent.

-13-

Tiara did not allege any facts showing that Marsh had both the motive and opportunity to commit fraud. *Lerner*, 459 F.3d at 291. The Complaint is completely devoid of any particularized facts demonstrating that Marsh would receive any "concrete benefits" from the alleged fraud. *See Chill v. General Electric Co.*, 101 F.3d 263, 268 (2d Cir. 1996) ("motive would entail concrete benefits that could be realized by one or more of the false statements and the wrongful nondisclosures alleged"). Indeed, it simply makes no sense that Marsh would have any motivation to intentionally mislead Tiara so that it would "continue with the dry out process." (Compl. ¶¶ 38, 46). The Complaint also fails to plead a strong inference of fraudulent intent because Tiara fails to specify, as it must, what each of the Marsh defendants did or said and with what intent. (*See supra* § III.A.) Similarly, the Complaint does not allege any particularized facts showing strong circumstantial evidence of conscious misbehavior or recklessness by Marsh. *See Chill*, 101 F.3d at 269 ("'[r]eckless conduct, is at the least, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care.'") (citation omitted). Accordingly, Tiara's fraud theory is not plausible, and for that reason alone, the claim should be dismissed. *See Dooner*, 157 F. Supp. 2d at 279-80 (dismissing fraud claims because the alleged motives made no sense when considered in light of the surrounding facts).

### C.    Tiara Has Not Adequately Pled Reasonable Reliance.

In order to state claims for fraud and negligent misrepresentation, Tiara must allege that it reasonably relied upon the purported misrepresentations. *Roberts v. Rayonier*, 135 Fed. Appx., 351, 362 (11th 2005) (fraud and negligent misrepresentation claims "require reasonable reliance"). Here, Tiara alleges that it relied upon the purported misrepresentations in deciding to continue with the drying out remediation process. (Compl. ¶¶ 38, 46.)

-14-

4089711.1

On its face, the Complaint establishes that Tiara did not reasonably rely on Marsh's alleged misrepresentations. In one breath Tiara says it relied on Marsh's misrepresentations in deciding "to continue with the dry out process" (*id.* ¶ 38) and in the next Tiara says it was "follow[ing] a directive by CITIZENS to continue a very expensive and largely ineffective drying program" (*id.* ¶ 46). Tiara also alleges that it continued with the drying out process "even after other professionals advised that the drying attempts had become ineffective." (*Id.* ¶ 19.) In the face of this advice by "other professionals" knowledgeable about the remediation efforts, Tiara could not have reasonably relied upon any statements made by Marsh, an insurance broker, in deciding whether to continue to follow this course of action. Indeed, if the remediation procedure was "largely ineffective," and Tiara was so advised by "other professionals," then any statements made by Marsh about policy limits would have no reasonable bearing on whether to continue with that procedure. In any event, Tiara alleges that Citizens mandated this remediation procedure and, as such, Citizens -- not Marsh -- was responsible for the "significantly higher remediation costs" allegedly resulting from the drying out process. (Compl. ¶¶ 19, 23, 30, 41, 46, 50.) Under these circumstances, Tiara could not have reasonably relied on Marsh's statements in determining what remediation efforts to pursue.

### D.    Tiara Has Not Adequately Pled That Its Injury Was Proximately Caused By The Alleged Misrepresentations.

In pleading causes of action for fraud and negligent misrepresentation, a plaintiff must demonstrate that the alleged misrepresentations proximately caused its injury. *Roberts*, 135 Fed. Appx. at 362. Tiara's allegations of causation are entirely conclusory and speculative.

Tiara alleges that Marsh's representations concerning available policy limits caused it to "incur[] significantly higher remediation costs [from] unnecessary drying expenses." (Compl. ¶ 41 *see also* ¶ 50.) Other allegations in the Complaint, however, demonstrate that Marsh's

statements were not the proximate cause of Tiara's alleged injury. Rather, any increased remediation costs were the direct and proximate result of Citizens mandating that Tiara implement this particular remediation procedure. (*Id.* ¶¶ 19 (drying out process "directed by CITIZENS"); 23 ("CITIZENS-directed drying program"); 46 ("directive by CITIZENS to continue a very expensive and largely ineffective drying program")). In addition, Tiara's unilateral and informed decision to continue with the drying out process, "even after other professionals advised that the drying attempts had become ineffective," was the proximate cause of any purported damages as a matter of law. (*Id.* ¶ 19.) Based on Tiara's own pleading, any purported shortfall in insurance proceeds to repair the condominium was proximately caused, as a matter of law, by the actions of Citizens and Tiara, not Marsh.

Tiara also alleges that Marsh proximately caused it to "prematurely settle its dispute with CITIZENS as to the availability of a second policy limit under duress and for less than it was entitled and to incur significant attorney fees." (Compl. ¶¶ 41, 50.) The Complaint is completely devoid of any particularized facts demonstrating that Marsh's alleged statements proximately caused Tiara to "prematurely settle" its lawsuit against Citizens. Tiara presumably was represented by competent counsel and the decision to settle that case was made by Tiara and its counsel. In any event, Tiara's decision to sue Citizens was based upon a coverage determination *made by Citizens*, not Marsh. Accordingly, it simply makes no sense to allege that Marsh's statements proximately caused Tiara to "prematurely settle" its case against Citizens.

## IV. THE NEGLIGENCE CLAIM SHOULD BE DISMISSED BECAUSE TIARA HAS NOT ALLEGED THAT MARSH'S PURPORTED NEGLIGENCE CAUSED BODILY INJURY OR PROPERTY DAMAGE.

Under Florida law, bodily injury or property damage is an essential element of a negligence claim. *Monroe v. Sarasota County. Sch. Bd.*, 746 So. 2d 530, 531 (Fla. 2d Dist. Ct.

4089711.1

App. 1999). In *Monroe*, the plaintiff sought to recover only monetary damages from the School

Board because it negligently omitted his name from a list of eligible potential employees. *Id.*

There were no allegations of bodily injury or property damage. Although the School Board

eventually hired plaintiff, he claimed that he suffered a loss of salary due to the negligence of the

school administrators. *Id.* The Court first reaffirmed that "as a general rule, [] bodily injury or

property damage is an essential element of a cause of action in negligence." *Id.* The Court then

held that "even if these school administrators are licensed professionals, no duty exists within the

law of negligence requiring them to protect [plaintiff] from purely economic losses arising from

delayed or denied employment with the School Board." *Id.* The Court further noted that its

holding was "not based on any 'bar' created by some modern economic loss doctrine that serves

as an affirmative defense in negligence cases," but rather on the notion that "loss of salary was

not an 'injury' that these teachers were required to guard against under traditional common law

negligence." *Id.* at 533. Thus, economic losses unrelated to bodily injury or property damage

are not recoverable in a negligence action. *Id.* at 531, 533.

In this case, Tiara does not allege that it suffered any bodily injury or property damage as

a result of Marsh's purported negligence. Instead, Tiara simply alleges that it sustained

economic losses resulting from Marsh's purported failure to procure adequate limits of liability.

(Compl. ¶ 29.) The lack of bodily injury or property damage defeats the negligence claim here.

*Monroe*, 746 So. 2d at 531; *see also Warter*, 2004 U.S. Dist. LEXIS 5682, at *34 ("Whether a

contract exists between the parties is irrelevant; a party may not assert a claim for negligence if

the only damages claimed are economic losses.") (citation omitted). Accordingly, the negligence

claim should be dismissed for this reason alone.

4089711.1

## CONCLUSION

For all of the foregoing reasons, Marsh respectfully requests that the Court dismiss

Tiara's Complaint with prejudice and grant such further relief as the Court deems appropriate

under the circumstances.

Dated:  January 14, 2007.                    Respectfully submitted,

                                             s/ Mitchell J. Auslander
                                             Mitchell J. Auslander (MA-1224)
                                             mauslander@willkie.com
                                             Gregory Conway
                                             gconway@willkie.com
                                             WILLKIE FARR & GALLAGHER LLP
                                             787 Seventh Avenue
                                             New York, NY  10019
                                             Telephone: (212) 728-8000
                                             Facsimile: (212) 728-8111

                                             *Attorneys for Marsh & McLennan Companies, Inc.,*
                                             *Marsh Inc. and Marsh USA Inc.*