# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80441-CIV-HURLEY/HOPKINS

GOODMAN-GABLE-GOULD CO., INC.,
d/b/a ADJUSTERS INTERNATIONAL,

     Plaintiff,

v.

TIARA CONDOMINIUM ASSOCIATION,
INC.,

     Defendant.
_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS
AS TO COUNT TWO OF THE COUNTERCLAIM FOR PROFESSIONAL
NEGLIGENCE

**THIS CAUSE** is before the court upon the plaintiff's motion for judgment on the pleadings as to count two of the counterclaim for professional negligence. The plaintiff, Goodman-Gable-Gould Co., Inc. ("Adjusters"), seeks entry of judgment on the pleadings with respect to count two of Tiara Condominium Association, Inc.'s ("Tiara") counterclaim for professional negligence.[1] The gravamen of Tiara's motion is that, under Florida law, a public adjuster is not a "professional" and therefore is not subject to a suit for professional negligence. In addition, Tiara contends that any

---

[1] Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion under Rule 12(c) is generally treated in the same manner as a Rule 12(b)(6) motion to dismiss. *See Brittan Communications Int'l Corp. v. Southwestern Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. The court must view the facts in the light most favorable to the nonmoving party, and it can grant the motion only if the non-movant can prove no set of facts which would allow it to prevail." *Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005) (internal citations omitted).

remaining claim for simple negligence would be barred by Florida's economic loss rule.

Under Florida's common law a person who is injured by another's negligence may maintain an action against the other person based on that other person's violation of a duty of due care to the injured person. *Moransais v. Heathman*, 744 So.2d 973, 975 (Fla.1999). Further, where the negligent party is a professional, the law imposes a duty to perform the requested services in accordance with the standard of care used by similar professionals in the community under similar circumstances. *Id.* at 975-76. That Florida recognizes an action for professional malpractice is also evidenced by the statutory scheme for limitations of such actions. *Id.* In particular, Fla. Stat. § 95.11 provides for a two year statute of limitations for professional malpractice actions, whether founded on contract or in tort.[2]

The Florida Supreme Court has held that a profession, within the meaning of section 95.11, is "any vocation requiring at a minimum a four-year college degree before licensing is possible in Florida." *See Moransais*, 744 So.2d at 976; *Garden v. Frier*, 602 So.2d 1273, 1275 (Fla. 1992). In Florida, public adjusters are regulated by statute and through the administrative code. *See* Fla. Stat. §§ 626.851 *et seq.* Although public adjusters are required to hold a license, a four-year college

---

[2] Fla. Stat. § 95.11 reads, in relevant part:
Actions other than for recovery of real property shall be commenced as follows:
....
(4) WITHIN TWO YEARS.-
    (a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort.... However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.
Fla. Stat. § 95.11(4)(a).

2

degree is not a prerequisite to licensing.[3] *See* Fla. Stat. § 626.865; *compare* Fla. Stat. § 471.013 (requiring a four-year college degree as a prerequisite to an engineer's license). As a result, public adjusters are not "professionals" within the meaning of the professional malpractice statute, and Tiara cannot maintain its professional negligence claim against Adjusters.

Even if Tiara attempted to replead its professional negligence claim as a simple negligence claim, the economic loss rule bars tort actions seeking to recover purely economic losses when the parties are in contractual privity. More specifically:

> The prohibition against tort actions to recover solely economic damages for those in contractual privity is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort. *See, e.g., Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So.2d 490, 494 (Fla. 3d DCA 1994) ("Where damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort."). Underlying this rule is the assumption that the parties to a contract have allocated the economic risks of nonperformance through the bargaining process. A party to a contract who attempts to

---

[3] Fla. Stat. § 626.865 reads, in relevant part:
The department shall issue a license to an applicant for a public adjuster's license upon determining that the applicant has paid the applicable fees specified in § 624.501 and possesses the following qualifications:
  (a) Is a natural person at least 18 years of age.
  (b) Is a United States citizen or legal alien who possesses work authorization from the United States Bureau of Citizenship and Immigration Services and a bona fide resident of this state.
  (c) Is trustworthy and has such business reputation as would reasonably assure that the applicant will conduct his or her business as insurance adjuster fairly and in good faith and without detriment to the public.
  (d) Has had sufficient experience, training, or instruction concerning the adjusting of damages or losses under insurance contracts, other than life and annuity contracts, is sufficiently informed as to the terms and effects of the provisions of those types of insurance contracts, and possesses adequate knowledge of the laws of this state relating to such contracts as to enable and qualify him or her to engage in the business of insurance adjuster fairly and without injury to the public or any member thereof with whom the applicant may have business as a public adjuster.
  (e) Has passed any required written examination.
Fla. Stat. § 626.865(1).

3

> circumvent the contractual agreement by making a claim for economic loss in tort is, in effect, seeking to obtain a better bargain than originally made. Thus, when the parties are in privity, contract principles are generally more appropriate for determining remedies for consequential damages that the parties have, or could have, addressed through their contractual agreement. Accordingly, courts have held that a tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract. *See, e.g., Electronic Sec. Sys. Corp. v. Southern Bell Tel. & Tel. Co.*, 482 So.2d 518, 519 (Fla. 3d DCA 1986) (stating that "breach of contract, alone, cannot constitute a cause of action in tort ... [and][i]t is only when the breach of contract is attended by some additional conduct which amounts to an independent tort that such breach can constitute negligence"); *Weimar v. Yacht Club Point Estates, Inc.*, 223 So.2d 100, 103 (Fla. 4th DCA 1969) ("[N]o cause of action in tort can arise from a breach of a duty existing by virtue of contract.").

*Indemnity Ins. Co. of North America v. American Aviation, Inc.*, 891 So.2d 532, 536-37 (Fla. 2004).

Although parties in privity of contract are generally prohibited from recovering in tort for economic damages, Florida courts have permitted an action for such recovery in certain limited circumstances. *Id.* at 537. One involves torts committed independently of the contract breach, such as fraud in the inducement. *Id.* (citing *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So.2d 1238 (Fla. 1996)). The other situation involves cases such as those alleging neglect in providing professional services, in which the Florida Supreme Court has determined that public policy dictates that liability not be limited to the terms of the contract. *Id.* (citing *Moransais*, 744 So.2d at 983).

Here, the parties were in contractual privity, so the economic loss rule would bar a separate tort action for economic damages unless Tiara has: (1) alleged tortious activity independent of the acts that allegedly breached the contract; or (2) stated a claim for professional negligence. A review of the counterclaim reveals that Tiara has alleged that Adjusters breached the contract between the parties in exactly the same manner that it claims that Adjusters was negligent. In addition, Tiara has requested the exact same type of damages for both its breach of contract and professional negligence claims. Tiara has not alleged any tortious activity independent of the alleged contractual breaches.

4

Order Granting Plaintiff's Motion for Judgment on the Pleadings
GGG v. Tiara Condominium Association, Inc.
Case No. 06-80441-CIV-HURLEY/HOPKINS

The court previously determined that Tiara's professional negligence action is barred. Therefore, any remaining claim for simple negligence is barred by the economic loss rule, and an attempt to amend the complaint to assert a claim for simple negligence would be futile. *See, e.g., Greenberg v. Mount Sinai Medical Center of Greater Miami, Inc.*, 629 So.2d 252, 255 (Fla. 3d DCA 1993) (dismissing negligence count on the basis of the economic loss rule because the negligence count arose from breach of contract).

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. The plaintiff's motion for judgment on the pleadings [DE # 125] is **GRANTED**.

2. Count two of the defendant's counterclaim for professional negligence is **DISMISSED WITH PREJUDICE** and without leave to amend.

**DONE** and **SIGNED** in chambers at West Palm Beach, Florida, this 11th day of May, 2007.

_____
Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*