# EXHIBIT A

UNITED STATES DISTRICT COURT
For the Southern District of Florida

HOPKINS

CIV-HURLEY

06-80441

)
GOODMAN-GABLE-GOULD COMPANY, INC. d/b/a )
ADJUSTERS INTERNATIONAL, a Maryland Corporation, )
)
    Plaintiff, )
)
v. )    No.: _____
)
TIARA CONDOMINIUM ASSOCIATION, INC., )
a Florida Non-Profit corporation, in its own name )
and as Agent for and as Class Representative of all )
Owners of Record of all individual condominium )
parcels within the Tiara Condominium, )
)
    Defendant. )
)
)
_____)

## COMPLAINT

GOODMAN-GABLE-GOULD COMPANY, INC., doing business as

ADJUSTERS INTERNATIONAL, a Maryland Corporation (referred to herein as

"Adjusters International"), by and through its undersigned attorneys, and

hereby sues TIARA CONDOMINIUM ASSOCIATION, INC., a Florida non-

profit corporation, in its own name and as Agent for and as Class Representative

of all Owners of Record of all individual condominium parcels within the Tiara

Condominium (collectively referred to herein as the "Defendant" or the

"Association").

## INTRODUCTION

1.  This is a civil action against the Defendant, Tiara Condominium Association, Inc., for Breach of Contract and, in the alternative, seeking damages for Unjust Enrichment/Quantum Meruit, and seeking damages for Breach of Oral Contract/Quasi Contract.

2.  The amount in controversy is One Million Four Hundred Thirty Nine Thousand Two Hundred Fifty-nine Dollars ($1,439,259) which has been placed in an escrow account by agreement of Adjusters International and Association ("Escrow Funds"). The funds are being held by the escrow agent pending an agreement of the parties as to their disbursement, or an Order of a court of competent jurisdiction as to the rights of the Adjusters International and/or Association thereto.

## JURISDICTION

3.  Jurisdiction exists pursuant to 28 U.S.C. 1332, in which (i) the matter in controversy exceeds the sum of $75,000.000, exclusive of interest and costs; and (ii) there is complete diversity of citizenship between the litigants.

### A.  PLAINTIFF

4.  Goodman Gable Gould, doing business as Adjusters International, is now, and was at the commencement of this litigation, a Maryland corporation having its principal place of business in Maryland. Alternatively,

2

Goodman Gable Gould, doing business as Adjusters International, is a Maryland corporation having its principal place of business in a state other than Florida.

**B.    DEFENDANT**

5.    The Defendant TIARA CONDOMINIUM ASSOCIATION, INC., is a Florida non-profit corporation, established under the laws of the State of Florida, having its principal place of business in Florida.

6.    There is complete diversity of citizenship as defined in 28 USC § 1332 between Adjusters International on the one hand, and TIARA CONDOMINIUM ASSOCIATION, INC. on the other.

7.    The amount in controversy exceeds the sum of $75,000.000, exclusive of interest and costs.

**VENUE**

8.    The venue of this action is properly predicated on Section 1391(A) of Title 28 of the United States Code in that Jurisdiction is founded on diversity of citizenship and this action is brought within the judicial district in which Defendant resides, where the Defendant does business, and in which a substantial part of the events or omissions giving rise to the claim occurred.

3

## STATEMENT OF CLAIM
## NATURE OF THE CAUSES OF ACTION

### A.   FACTUAL BACKGROUND

9.   The Tiara Condominium is a 320-unit, 42-story condominium in Singer
Island, Palm Beach County, Fla. ("Tiara Condominium" or the "Insured
Property"). The Tiara Condominium is under the control of a Board of
Governors (hereinafter the "BOG").

10.  The Tiara Condominium Association, Inc. is a non-profit condominium
association charged with the responsibility to operate and maintain the
Tiara Condominium. Pursuant to the Condominium Declaration, the
BOG is charged with the responsibility to act on behalf of the unit owners,
which unit owners have delegated the right to adjust insurance claims to
the Tiara Condominium Association.

11.  The Association, at those times material hereto, had in force, a policy of
insurance issued by Citizens Property Insurance Corporation ("Citizens")
having a per occurrence limit of $49,970,530.00 on the main building, plus
any applicable extensions or additions, for Property Damage resulting
from a Covered Cause of Loss.

12.  The policy covered damages caused by and resulting from all losses other
than those excluded by the policy. The perils of windstorm, including

4

named hurricanes, is a Covered Cause of Loss under the Citizens policy of insurance. Here the Tiara was covered for losses caused by Hurricanes, including Hurricanes Frances and Jeanne.

13. Hurricane Frances tracked through Palm Beach County on September 4 and 5, 2004, causing damage to the Insured Property. The damage to the Insured Property included, but was not limited to; the displacement and dislodging of exterior insulation finish system (EIFS) panels, damage to the roof and windows of the Property, and damages due to, and resulting from, water intrusion which entered the building through damages caused by the windstorm.

14. Hurricane Frances caused damage to the Tiara Condominium which was covered under its property policy issued by Citizens.

15. Adjusters International entered into a contract with the Association on September 9, 2004 to assist Tiara in measuring and documenting the loss caused by the Hurricane, and in presenting Tiara's property insurance claim to Citizens as to damages to the common elements, the Tiara Condominium Association owned property, and/or property in which the Tiara Condominium Association had an ownership interest, and/or had responsibility to maintain, repair or replace. The contract was negotiated such that the standard fee Adjusters International customarily received was negotiated between the parties and modified in favor of the

Tiara from 10% of the amount adjusted or otherwise recovered on the Building Loss to a lower percentage amount. Tiara negotiated the fee to be paid so that Adjusters International would be paid based on the following fee schedule as applied to the amount adjusted or otherwise recovered:

- 5% of amounts adjusted or recovered from Citizens as to amounts from 0 to $1,500,000;

- 7% of amounts adjusted or recovered from Citizens as to amounts from $1,500,001 to $4,000,000; and

- 4% of amounts adjusted or recovered as to amounts in excess of $4,000,001.

In exchange for the fee, Adjusters International agreed to assist Tiara with measuring and documenting its loss and presentation of its insurance claim to Citizens. A copy of the contract is attached as Exhibit A.

16.     The contract was duly and validly executed by Tiara through and by the President and the Treasurer of the Board of Governors ("BOG"), which was duly authorized representative of Tiara and of all Owners of Record of all individual condominium parcels within the Tiara condominium with full power and authority to execute said contract.

17.     Before substantial repairs could be effected for the damages caused by Hurricane Frances, a second hurricane, Hurricane Jeanne, tracked across the Palm Beach County further damaging the Tiara.

6

18.    Tiara sought the assistance of Southern Construction Services, Inc., a

contracting company, (hereinafter referred to as "Southern") in

responding to the emergencies created by the Hurricanes. Before either

Hurricane tracked across Palm Beach County, Southern had already been

on site at the Tiara, having been previously selected by, and retained by

the Tiara Condominium Association to perform certain repairs and

maintenance pursuant to a contract entered into in or about June 2004.

After the Hurricanes, Tiara sought to utilize the services of Southern

related to the Hurricane damages. A principal of Southern is a

condominium owner at the Tiara Condominium.

19.    Adjusters International had no involvement in Tiara's selection of

Southern to assist Tiara either before or after the hurricane.

20.    Tiara sought to retain Adjusters International to measure, document and

present to Citizens the condominium's claim for Hurricane Jeanne

damage which it sought to combine with Hurricane Frances and retain

Adjusters International on a reduced rate schedule for both hurricanes.

21.    Adjusters International and Tiara agreed to modify the existing

contractual agreement (reached after Hurricane Frances), such that the

contract would include Hurricane Jeanne along with Hurricane Frances,

and the amount of compensation which to be paid to Adjusters

International was reduced.

7

22.    Given the additional damages and the increased claim value, the contract
between Adjusters International and Tiara which had been reached as to
Hurricane Frances was modified by agreement made by Adjusters
International with the Tiara BOG, such that Adjusters International would
provide the same services for Hurricane Jeanne and Frances, and in
consideration therefore, the fee structure was modified in favor of Tiara
such that the fee payable to Adjusters International was reduced. Under
the modified agreement, Tiara agreed to pay the following to Adjusters
International for services as to both hurricanes Frances and Jeanne.

- 5% of amounts adjusted or recovered from Citizens as to amounts
  from 0 to $1,500,000;

- 7% of amounts adjusted or recovered from Citizens as to amounts
  from $1,500,001 to $4,000,000; and

- 4% of amounts adjusted or recovered from Citizens as to amounts
  from $4,000,001 to $10,000,000

- 3% of amounts adjusted or recovered as to amounts in excess of
  $4,000,001.

The contract between Adjusters International and Tiara could be

performed within a one-year period.

23.    Adjusters International began performing under the contract and Citizens
began making payments on the hurricane claims in a series of payments
over time.  As the payments were received, Tiara would make payment to
Adjusters International based upon the amounts paid by Citizens.  Tiara

8

acknowledged and made payments to Adjusters International based upon the modified fee structure for a period of time. It was not until the final payments that Tiara breached its contract and arbitrarily and wrongfully did not pay Adjusters International.

24. Adjusters International fully performed under its agreement with Tiara, including the preparing and compiling documents assisting Tiara in measuring and documenting the losses from the Hurricanes, the assembling and packaging of the claim, obtaining estimates of damage, meeting with the Insurer's adjusters and representatives, obtaining estimates from various vendors, and preparation of various documents in support of the claim.

25. All conditions precedent, if any, under the contract between Adjusters International and Tiara (as modified) have been met, Adjusters International has fully performed, and Tiara is in breach for failure to make payment which is currently due.

26. Adjusters International was named as a co-payee on the checks issued by Citizens in payment of the claims, in recognition of Adjusters International's interest in being paid based upon the insurance recovery.

27. Adjusters International endorsed the checks to allow their negotiation by Tiara based on the representation that it would be paid from the proceeds

thereof, and until the final payments Adjusters International was paid in accordance with the contract reached with Tiara.

28.    Subsequent to Adjusters International performing under its agreement with Tiara, and prior to the final payments being made by Citizens, there was a substantial change in the make up of the individuals on the BOG. When the insurance claim related to Hurricanes Frances and Jeanne was subsequently fully and finally settled and an amount agreed upon between Tiara and Citizens, Tiara informed Adjusters International for the first time that it did not intend to pay in accordance with its contractual agreements.

29.    Despite the above, Tiara, while initially paying a portion of the monies owed to Adjusters International, has failed and refused to pay the monies owed to Adjusters International from the later recoveries of money from Citizens on account of the Hurricane losses.

30.    Tiara has accepted and had the benefit of the services performed by Adjusters International under circumstances in which payment was expected, and lacking payment the Association and its Unit Owner members would be unjustly enriched.

31.    The amount currently due to Adjusters International from Tiara under the agreement between the parties is $1,439,259, which amount has been paid

to the escrow agent to hold pending resolution of the competing claims of

Adjusters International and Tiara to said funds.

32.    Tiara owes, and has failed to pay Plaintiff, the amount of One Million

Four Hundred and Thirty Nine Thousand, Two Hundred and Fifty Nine

Dollars ($1,439,259).

33.    Tiara has never given any valid or justifiable reason to support its refusal

to pay Adjusters International and none exists.

### COUNT I
### Breach of Contract
### (Alternative to Counts II and III)

34.    The allegations in Paragraphs 1 through 33 above are expressly

incorporated herein by reference.

35.    The agreement reached between Adjusters International and Tiara

required Tiara to pay Adjusters International.  Plaintiff has fully satisfied

any conditions precedent to recover the funds from Tiara which are

currently due and payable.

36.    Tiara has breached the contract aforesaid.

37.    Adjusters International has been damaged by the breach of contract by

Tiara in the amount of One Million Four Hundred and Thirty Nine

Thousand, Two Hundred and Fifty Nine Dollars ($1,439,259), plus interest

from the date such funds were placed in escrow.

WHEREFORE, Adjusters International demands judgment in its favor against

Tiara as follows:

a. Money damages, together with pre-judgment and post-judgment interest;

b. Cost of suit; and

c. for such other and further relief as the Court may deem just and proper.

## COUNT II
## Quantum Meruit
## (Alternative to Count I and Count III)

38.    The allegations in Paragraphs 1 through 37 above are expressly

incorporated herein by reference.

39.    Adjusters International has performed labor and supplied expertise in

assisting Tiara in measuring, documenting and presenting its loss to

Citizens in connection with the adjustment of this insurance loss, which

services were valuable.

40.    Adjusters International performed the services for and at the request of,

and for the benefit of, Tiara and its Unit Owner members.

41.    The services supplied by Adjusters International were accepted by Tiara

and have resulted and/or contributed in Tiara obtaining a much more

favorable recovery from Citizens than the insurer had acknowledged before Adjusters International performed said services.

42.   The Tiara BOG authorized, directed and allowed Adjusters International to perform the aforesaid on their behalf, and on behalf of its Unit Owner members, in adjustment of the insurance loss in such a fashion that to allow them to keep the same without payment therefore would constitute unjust enrichment.

43.   Adjusters International performed the services under such circumstances that a reasonable person would know that Adjusters International expected to be paid for the same.

44.   The circumstances are such that Tiara is obligated to pay Adjusters International for the benefit bestowed upon them.

45.   The benefit to Tiara resulting from the actions of Adjusters International is an amount not less than One Million Four Hundred Thirty Nine Thousand Two Hundred Fifty-nine Dollars ($1,439,259).

46.   Although demanded, Tiara has refused to make payment or acknowledge payment due to Adjusters International for the same and has failed to provide any legally sufficient justification or explanation, and none exists.

47.    Adjusters International is entitled to recover in quantum meruit for the value of its services.

WHEREFORE, Adjusters International demands judgment in its favor against Tiara:

    a. Money damages, together with pre-judgment and post-judgment interest;

    b. for cost of suit; and

    c. For such other and further relief as the Court may deem just and proper.

### COUNT III
### Oral Agreement /Quasi Contract
### (Alternative to Counts I and II)

48.    The allegations in Paragraphs 1 through 47 above are expressly incorporated herein by reference.

49.    To the extent that an express written contract (modified as set forth above) is not found to have existed, than the parties had an oral agreement, which agreement could be performed within a year. The oral agreement is based upon the terms previously alleged. Adjusters International has fully performed under its agreement and as such, has conferred a benefit on the Tiara which Tiara has accepted and for which Tiara has agreed to pay compensation.

14

50.    Adjusters International performed the services for and at the request of, and for the benefit of, the Tiara.

51.    Tiara has orally agreed to pay Adjusters International for its services performed in the measuring and documenting its loss and presenting the same to Citizens. Tiara has by its conduct ratified and accepted the agreement and confirmed the agreement by making payments to Adjusters International in conformance with the oral agreement.

52.    Tiara entered into an oral agreement by which Adjusters International agreed to measure, document and present to Citizens the condominium's claim for hurricane damages for Hurricane's Frances and Jeanne, in exchange for which Tiara agreed to pay the following to Adjusters International for services as to both hurricanes on the modified and reduced scale.

- 5% of amounts adjusted or recovered from Citizens as to amounts from 0 to $1,500,000;

- 7% of amounts adjusted or recovered from Citizens as to amounts from $1,500,001 to $4,000,000; and

- 4% of amounts adjusted or recovered from Citizens as to amounts from $4,000,000 to $10,000,000

- 3% of amounts adjusted or recovered as to amounts in excess of $4,000,001.

53.    The Agreement could be performed within a year.

15

54. Tiara has paid Adjusters International in accordance with this agreement up through the time when a new board of governors was elected and a final settlement reached with Citizens, at which time Tiara without valid justification or excuse failed to pay the amount due.

55. Adjusters International has performed all conditions precedent to recover under such oral agreement.

56. The Tiara had knowledge of the benefit conferred upon them by Adjusters International, and has accepted those services.

57. Adjusters International performed the services under such circumstances that a reasonable person would know that Adjusters International expected to be paid for the same.

58. Tiara has agreed to make payment Adjusters International is an amount not less than One Million Four Hundred Thirty Nine Thousand Two Hundred Fifty-nine Dollars ($1,439,259) as to the last payments made by Citizens.

59. To the extent that the Court finds that there is no express written contract then there was an oral agreement by Tiara to pay Adjusters International, which agreement has been breached by Tiara.

60.    As a result of the breach of agreement by Tiara, Adjusters International

has been damaged in the amount of One Million Four Hundred Thirty

Nine Thousand Two Hundred Fifty-nine Dollars ($1,439,259).

WHEREFORE, Adjusters International demands judgment in its favor against

Tiara:

a. Money damages, together with pre-judgment and post-judgment interest;

b. for cost of suit; and

c. For such other and further relief as the Court may deem just and proper.

SILVER & BROWN
A Professional Corporation
Co-counsel for Plaintiff
10621 Jones Street, Suite 101
Fairfax, Virginia 22030
(703) 591-6666
(703) 591-5618 – Facsimile
C. Thomas Brown, Esquire
tom@virginia-lawyers.net

SACHS SAX KLEIN
Co-counsel for Plaintiff
301 Yamato Road, Suite 4150
Boca Raton, Florida 33431
(561) 994-4499
(561) 994-4985 – Facsimile

By: _____ (0170290)
Spencer M. Sax, Esquire
ssax@ssklawfirm.com
Florida Bar No. 312241

17

MAY-02-2006  09:55
P.01/01

09/23/2004 14:58 FAX
@003/005

FILE # 61341X



**ADJUSTERS INTERNATIONA**
6767 North Wickham, Suite 400
Melbourne, Florida 32940
(800) 858-3900

## SERVICES AGREEMENT

Insured, _Tiara Condominium_ , retains Adjusters

International to measure and document its loss, and present the INSURED'S claim to the insurance company(s) for damage

to _Prime Real + Personal Property, Misc item_ [Description of Loss] occurring on or about _9/4/04_ [DATE] that

was sustained to INSURED'S property located _3000 North Ocean Drive_ [Address of Loss].
_Singer Island) FL 33704_

INSURED agrees to pay and assigns to **ADJUSTERS INTERNATIONAL** for its services, ten percent (10%) of the amount

adjusted or otherwise recovered. _5% to one million five hundred thousand) 7% from 1,500,000 - 4,000,000 and_
_4,000,001 and above   4%_

**ADJUSTERS INTERNATIONAL** complies with all terms and provisions of any emergency orders or rules issued by the
Florida Department of Financial Services, including but not limited to those specifically related to Hurricane Bonnie and
Hurricane Charley all of which have been disclosed to the INSURED and are incorporated herein.

_____ (Initials)

Effective this date and time: _9/9/04_

Any contact with the undersigned or any inspections of the involved property are to be made through the Adjusters
International Office.

Insured _Tiara Condomin_    ADJUSTERS INTERNATIONAL    Emergency PA (if applicable)
_Susan M Bennett_           Local Office
                            _Melbourne Fla_              Name:_____

Address: _3000 N. Ocean Dr_    By: _Amy Garelick_       FL temp. Lic. #_____
_Singer Island, Fl_               (print name)
By:                         Signature: _Amy Garelick_   Res. Address:_____
_Susan M Bennett_
_President, Board of Governors_                         Res. Ph:_____

_MB Adams, Treasurer_                                   Home Bus. Address:_____

                                                        Home Bus: Ph._____

Susan Bennett                                           Signature_____
Tiara Condominium
File # 61341X

# EXHIBIT A

TOTAL P.01

Case 9:06-cv-80441-DTKH     Document 1     Entered on FLSD Docket 05/03/2006     Page 19 of 19

&JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS
Goodman-Gable-Gould Company, Inc. d/b/a
Adjusters International

**(b)** County of Residence of First Listed Plaintiff State of Maryland
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Sachs Sax Klein (local counsel)
301 Yamato Road, Suite 4150
Boca Raton, FL 33431
(561) 994-4499

V. HOPKINS

06-80441

## DEFENDANTS Tiara Condominium Association,
Inc., in its own name and as Class
Representative of all owners of
record of individual condominium parcels
County of Residence of First Listed Defendant Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

Attorneys (If Known) CIV-HURLEY

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

9:06 CV 80441- Hurley-Hopkin

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO     b) Related Cases ☐ YES ☑ NO
JUDGE _____     DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 USC s.1332 (Jurisdiction based on diversity, claims for breach
of contract, unjust enrichment, quantum meruit)
LENGTH OF TRIAL via _2_ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ damages in excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
Spencer Sax by Kerry Raleigh (0172290)
DATE 5-2-2006

FOR OFFICE USE ONLY
AMOUNT _____ RECEIPT # 03700 P