IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
TIARA CONDOMINIUM ASSOCIATION,
INC.                                                        :

                Plaintiff,                                    :   CASE NO. 07-CIV-9392

             - against -                                        :   Judge Harold Baer, Jr.

MARSH & MCLENNAN COS., INC., *et al.*,                      :

                Defendants.                                   :

------------------------------------------------------------x

### DECLARATION OF BRIAN V. FITZSIMMONS IN SUPPORT OF THE MARSH DEFENDANTS' MOTION TO TRANSFER VENUE

I, Brian V. Fitzsimmons, declare as follows:

    1.    I am an Assistant Vice President of Marsh USA Inc. I am currently the Client Executive on the Tiara account. Except where stated upon information and belief, this Declaration is based upon my personal knowledge and investigation of the facts set forth below. I submit this Declaration in support of the Marsh Defendants' Motion to Transfer Venue of this action to the United States District Court for the Southern District of Florida.

    2.    I have reviewed the Complaint in this action and am familiar with its contents.

    3.    Marsh USA Inc. is an insurance broker that provides various risk and insurance-related services to its clients, including the placement of insurance policies. Marsh USA Inc. maintains various offices across the country, including offices in the State of Florida.

    4.    Upon information and belief, Tiara Condominium Association, Inc. ("Tiara") is a non-profit condominium association that operates and maintains the Tiara

Condominium located on Singer Island in Palm Beach County, Florida. Tiara maintains its principal place of business in Riviera Beach, Florida 33404.

5. Tiara retained Marsh USA Inc. to act as its insurance broker for various lines of insurance coverage. The Tiara account was the responsibility of the Marsh USA Inc. office located at 1560 Sawgrass Corporate Parkway, Sunrise, Florida ("Marsh Florida"). The individual employees who were involved with the placement of insurance for Tiara worked in the Sunrise, Florida office.

6. At the direction of Tiara, Marsh Florida placed a "Commercial Wind Only Policy" with Citizens Property Insurance Corporation ("Citizens") bearing Policy No. 1308219, and covering the period June 1, 2004 through June 1, 2005 ("Policy"). The Policy covered the Tiara Condominium against wind storm damage.

7. Upon information and belief, Citizens is a Florida-based insurance company. Citizens offers wind storm insurance coverage to Florida residents who are without private insurance options. Upon information and belief, Citizens maintains offices in Tallahassee, Florida and Jacksonville, Florida.

8. All of the insurance placement activities relating to the Policy took place in the State of Florida. The Marsh Florida office placed the Policy on behalf of Tiara. The meetings and other communications between representatives of Marsh Florida and Tiara concerning the placement of the Policy occurred in Florida. The Policy was negotiated between Marsh Florida and Citizens in Florida. The Policy was underwritten and issued by Citizens in Florida. Tiara purchased the Policy in Florida and the Policy was delivered to Tiara in Florida. The insurance premiums due under the Policy were paid by Tiara to Citizens in Florida.

9. Upon information and belief, during the relevant time period, Jack Quinlan was a member of the Board of Governors of Tiara and the Chairman of the Insurance Committee. Mr. Quinlan was involved in the negotiation, procurement and issuance of the Policy and, as part of those efforts, dealt with Marsh Florida personnel in Florida. Norman B. Adams was a member of the Board of Governors of Tiara. Mr. Adams was involved in the negotiation, procurement and issuance of the Policy and dealt with Marsh Florida personnel in Florida. He also was involved with the property damage claim submitted by Tiara under the Policy. On or about December 15, 2004, Mr. Adams wrote a letter to Neil A. Hewitt of Marsh Florida concerning the coverage available under the Policy. (A true and correct copy of this letter is attached hereto as Exhibit A.) On or about January 5, 2005, Mr. Adams received a response to his letter from Mr. Hewitt. Mr. Hewitt's letter was attached as an exhibit to the Complaint.

10. In September 2004, the State of Florida was impacted by Hurricane Frances and Hurricane Jeanne. Tiara made a claim under the Policy for property damage resulting from these storms. The insurance claim was reported to and adjusted by Citizens in Florida.

11. All relevant documents relating to the placement of the Policy and the property damage claim are located in the Marsh Florida office.

12. **Marsh Florida Witnesses:** The following individuals are likely to have information relevant to this action. All of these witnesses live in Florida.

   A. <u>Neil A. Hewitt:</u> Mr. Hewitt is a former employee of Marsh Florida. During the relevant time period, he held the title of Senior Vice President and served as the Client Executive on the Tiara account. In that role, Mr. Hewitt was primarily responsible for

the Tiara account. Mr. Hewitt has knowledge regarding the negotiation, procurement and issuance of the Policy, including the per occurrence limits under the Policy. In addition, Mr. Hewitt is the author of a letter to Norman B. Adams of Tiara concerning the per occurrence limits under the Policy. This letter was attached as an exhibit to the Complaint. Mr. Hewitt has knowledge about the statements made in that letter. Mr. Hewitt resides in West Palm Beach, Florida 33412.

    B. <u>Stacey Diana</u>: Ms. Diana is a former employee of Marsh Florida. She was the Client Representative on the Tiara account. Ms. Diana has knowledge about the negotiation, procurement and issuance of the Policy, including the per occurrence limits under the Policy. Ms. Diana resides in Palm Beach, Florida 33496.

    C. <u>Rosalia A. Croes</u>: Ms. Croes is a current employee of Marsh Florida. During the relevant time period, Ms. Croes was the Client Representative on the Tiara account. In that role, she was involved in the placement of insurance for Tiara. Ms. Croes has knowledge concerning the negotiation, procurement and issuance of the Policy, including the per occurrence limits under the Policy. Ms. Croes lives in Davie, Florida 33325.

  13. No Marsh personnel knowledgeable about the allegations in the Complaint are located in the Southern District of New York

  14. **Citizens Witnesses:** The following individuals may have information relevant to this action. Citizens is not a party in the above-captioned action.

    A. <u>Diana Carr</u>: During the relevant time period, Ms. Carr was employed by Citizens. Ms. Carr may have knowledge regarding the negotiation, procurement and issuance of the Policy. One of the issues in this case is the per occurrence limits under the

Policy. Ms. Carr may have relevant testimony on that topic. Upon information and belief, Ms. Carr resides in Florida.

    B.    <u>Joe Clark</u>: During the relevant time period, Mr. Clark was the Large Loss Examiner at Citizens responsible for investigating, handling and adjusting the property claim damage claim submitted by Tiara. One of the issues in this case is the per occurrence limits under the Policy. Mr. Clark may have relevant testimony on that topic. Upon information and belief, Mr. Clark resides in Florida.

    15.    **York Claims Service, Inc. Witness:** The following person may have information relevant to this action. York Claims Service, Inc. ("York") is not a party in the above-captioned action.

    A.    <u>Thomas Habinck</u>: During the relevant time period, Thomas Habinck was employed by York. Mr. Habinck was appointed by Citizens as its adjuster in connection with the property damage claim submitted by Tiara. Mr. Habinck may have knowledge about the handling and adjusting of the property damage claim under the Policy. One of the issues in this case is the per occurrence limits under the Policy. Mr. Habinck may have knowledge about the positions taken by Citizens concerning the limits of liability available under the Policy. Upon information and belief, Mr. Habinck resides in North Carolina.

    16.    **Southern Construction Services, Inc. Witness:** The following person may have information relevant to this action. Southern Construction Services, Inc. ("Southern Construction") is not a party in the above-captioned action.

    A.    <u>Domingo Castro</u>: Southern was retained by Tiara to repair the damage caused by Hurricane Frances and Hurricane Jeanne. Domingo Castro is the President of Southern Construction. Mr. Castro may have knowledge about the nature and extent of repairs

undertaken at Tiara, including the drying out remediation efforts described in the Complaint. Southern Construction is located in West Palm Beach, Florida 33408. Upon information and belief, Mr. Castro resides in Florida.

      I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

January 10, 2008 in Sunrise, Florida

                                                                                         Brian V. Fitzsimmons