Slip Copy, 2007 WL 576128 (S.D.N.Y.)

<u>Motions, Pleadings and Filings</u>

Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.
Shirley **MONTGOMERY**, on behalf of herself and others similarly situated, Plaintiffs,
v.
**TAP ENTERPRISES**, INC., Defendant.
No. 06 CV 5799(HB).
Feb. 26, 2007.

### OPINION & ORDER

Hon. <u>HAROLD BAER, JR.</u>, District Judge.

**\*1** Plaintiff Shirley Montgomery ("Plaintiff") has brought this putative class action against defendant Tap Enterprises, Inc. ("Tap" or "Defendant"). Plaintiff alleges that Defendant failed to pay Plaintiffs overtime premium pay as required by the Fair Labor Standards Act (FLSA), <u>29 U.S.C. § 201</u> et. seq..

Defendant now moves pursuant to <u>28 U.S.C. § 1404(a)</u> to transfer venue to the United States District Court for the Western District of Missouri (Southern Division), or alternatively, to the United States District Court for the District of Kansas.

For the reasons set forth below, the motion to transfer is granted.<u>FN1</u>

> <u>FN1.</u> The Court wishes to thank Shaun Pappas of Cardozo Law School for his assistance in researching and preparing this Opinion.

### I. BACKGROUND

*A. Underlying Facts of Complaint*

Named plaintiff Shirley Montgomery and putative named plaintiff Lisa Grant <u>FN2</u> are employed by Defendant Tap Enterprises. Plaintiffs' jobs are to travel the country in sales crews putting on "tool truck sales shows" for Defendant. *See* 1/8/2007 Pl.'s Mem. in Opp'n to Mot. to Transfer Venue ("Pl.'s Opp'n") at 1. Plaintiffs allege that they usually work fifteen (15) hour days, six (6) days a week, for which they are paid $80 to $85 per day. *Id.* According to Plaintiffs, those workers operating the tool truck sales shows are continuously on the road, except for five (5) days in December. *Id.* Plaintiffs thus allege that Defendant Tap failed to pay Plaintiffs overtime premium pay as required by the FLSA. Plaintiff's Complaint ("Pl.Compl.") at ¶ 1.

> <u>FN2.</u> On November 8, 2006, Plaintiff Shirley Montgomery filed an unopposed motion to amend her complaint to add Lisa Grant as a named plaintiff. (Grant, on August 8, 2006, "opted-in" to the lawsuit by filing a notice of consent to sue under the FLSA.) Montgomery's unopposed motion remains *sub judice*. For the



sake of simplicity, references to "named plaintiffs" in this opinion refer to both Montgomery and Grant.

B. *Facts Relating to Venue*

Defendant Tap Enterprises is a corporation organized under the laws of the State of Nebraska. Its principal place of business is located in Spring Hill, Kansas. See 12/6/2006 Aff. of John Hamamy, General Manager of Tap Enterprises, Inc. ("Hamamy Aff.") at ¶ 4. Defendant is also registered and in good standing as a foreign corporation authorized to do business in Missouri. Hamamy Aff. at ¶ 12. Defendant states that its corporate and managing officers, and corporate records, are located in Spring Hill, Kansas. See Def.'s Second Mem. in Supp. of Mot. to Transfer Venue ("Def.Mot."), Dec. 6, 2006, at 4. Defendant is not a resident of New York. See Def's Reply Mem. in Supp. of Mot. to Transfer Venue ("Def. Reply Mem.") at 1. Of any state, the highest percentage of Defendant's total sales-9.2%-routinely occurs in Missouri. Def. Mot. at 2; Pl.'s Opp'n Mot. at 11.

Defendant states that of its 1,256 employees, 394 are residents of Missouri, comprising the largest percentage of any state (over 31%). Hamamy Aff. at ¶ 25. Further, according to Defendant, 184 employees are residents of Kansas, comprising the second-largest percentage of any state (15%).[FN3] Id. It is undisputed that only ten (10) potential class members live in New York state. Pl.'s Opp'n at 8. None of Defendant's current or former employees reside in the Southern District of New York. Id.

> FN3. Conversely, as plaintiffs note, more than 68% of Defendant's employees live outside of Missouri, and more than 85% live outside of Kansas. Pl. Opp'n Mot. at 7-8.

Neither of the named Plaintiffs resides in New York state. Plaintiff Shirley Montgomery resides in Springfield, Missouri.[FN4] Def. Mot. at 5. According to Defendant, during the more than two years that Montgomery was employed by Defendant, she worked three hundred twenty-two (322) days-but only fourteen days (14) in New York, and two (2) days in the Southern District of New York. Id. Plaintiff Lisa Grant's last known address, according to Defendant, is in Paris, Texas. Id. at 5. According to Defendant, from August 1, 2003 through December 13, 2003, Grant worked eighty-two (82) days-but only twelve days (12) in New York, and ten (10) days in the Southern District. Id. at 6.

> FN4. Springfield, Missouri happens to be the location of the Southern Division of the Western District of Missouri. Def. Mot. at 1.

*2 None of the parties' identified witnesses reside in New York. Def. Mot. at 12-15. Plaintiffs do not dispute this.

C. *Defendant's Motion to Transfer Venue*

On December 6, 2006, Defendant Tap filed this Motion to Transfer Venue to the Western District of Missouri (Southern Division), or alternatively, to the District of Kansas. Defendant argues that Plaintiffs' lawsuit has a minimal connection to the Southern District of New York, and that the relevant facts, records, and witnesses are located near Kansas City. Def. Reply Mem. at 1-2. Defendant further argues that transferring venue to either Missouri or Kansas would be more convenient for those potential plaintiffs who might opt in to the class action.

Plaintiffs, conversely, argue that venue in the Southern District of New York is proper based on the alleged violations of FLSA overtime provisions that have occurred in this District. Pl.'s

Opp'n at 10. Plaintiffs also claim that if the case were litigated in Missouri or Kansas, court appearances and depositions could require constant travel by plaintiffs' chosen counsel, which would increase plaintiffs' litigation expenses and thus, potentially decrease their potential recovery. *Id.* at 10-11.

## II. STANDARD OF REVIEW

28 U.S.C. § 1404(a) provides that: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006).[FN5] It does not mention counsel.

> FN5. Section 1404(a) strives to prevent "waste of time, energy, and money" and "to protect litigants, witnesses and the public against any unnecessary inconvenience and expense." *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 27 (1960). Congress enacted this provision as a "federal housekeeping measure, allowing easy change of venue within a unified federal system." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981).

A motion to transfer pursuant to 1404(a) rests within the "sound discretion" of the district court. *Schwartz v. R.H. Macy's, Inc.*, 791 F.Supp. 94 (S.D.N.Y.1992). The burden is on the movant to establish that there should be a change of forum. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978); *see also Editorial Musical Latino Americana, S.A. v. Mar Int'l Records*, 829 F.Supp. 62, 66 (S.D.N.Y.1993) (movant must make "clear and convincing showing"). Although the plaintiff's choice of forum is entitled to substantial weight, this presumption is reduced if the cause of action bears "little material connection" to the chosen forum. *See, e.g., St. Regis Mohawk Tribe v. State of New York*, 774 F.Supp. 185, 189 (S.D.N.Y.1991); *see also Arrow Electronics Inc. v. Ducommun, Inc.*, 724 F.Supp. 264, 265 (S.D.N.Y.1991) (where the facts of the action bear little connection to the chosen forum, "plaintiff's choice is given reduced significance").

## III. DISCUSSION

When evaluating a motion to transfer, a court should consider the following factors: (1) the convenience of witnesses; (2) the availability of process to compel the attendance of unwilling witnesses; (3) the convenience of the parties; (4) the locus of operative facts; (5) the location of relevant documents and relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances. *See, e.g., Anadigics, Inc. v. Raytheon*, 903 F.Supp. at 617 (S.D.N.Y.1995). "The convenience of the witnesses and the parties are generally considered as the most important factors in a transfer application." *D'anton Jos, S.L. v. Doll Factory*, 937 F.Supp. 320, 322 (S.D.N.Y.1996); *see also Hubbell Inc. v. Pass & Seymour*, 883 F.Supp. 955, 962 (S.D.N.Y.1995) ("The core determination under § 1404(a) is the center of gravity of the litigation, a key test of which is the convenience of witnesses.").[FN6]

> FN6. To succeed on a motion to transfer, Defendant must as a threshold matter establish that the action could have been brought in the proposed transferee district. *See Van Dusen v. Barrack*, 376 U.S. 612 (1964). Secondly, Defendant must "demonstrate that the balance of convenience of the parties and witnesses and the interests of justice are in [his] favor." *See, e.g., Consol. Metal Prods., Inc. v. Am. Petroleum Inst.*, 569 F.Supp. 773, 774 (D.D.C.1983). Because it is

undisputed that this action could have been brought in either the District of Kansas, or the District of Missouri, the first inquiry does not require examination.

*3 Here, I find that the totality of the factors favors transfer to the Southern Division of the Western District of Missouri. I will address each factor in turn.[FN7]

> FN7. Plaintiffs argue, as a threshold matter, that Defendant has waived any challenge to venue by admitting in their Answer that venue is proper in this District. See Defendant's Answer at ¶ 5 ("Defendant does not contest that venue is proper in this district."). However, unlike a motion to transfer venue for improper venue, "[t]he waiver provisions of [Fed.R.Civ.P.] 12(b) and (h)(1) do not apply to a motion to ... transfer on the ground of *forum non conveniens*, which 'may be addressed to the discretion of the court at any time.' " *Kahn v. National R. Passenger Corp.*, 1986 U.S. Dist. LEXIS 29974, at *4-5 (S.D.N.Y.1986), citing *Snam Progetti S.p.A. v. Lauro Lines*, 387 F.Supp. 322, 323 (S.D.N.Y.1974); *Leif Hoegh & Co. v. Alpha Motor Ways, Inc.*, 534 F.Supp. 624, 626 (S.D.N.Y.1982). Indeed, a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) on the ground of *forum non conveniens*, such as Defendant brings here, presupposes that venue is proper in the transferor court. See *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1368 n. 1 (11th Cir.2003). Plaintiffs' cases that address waiver of challenges to improper venue are thus inapposite. See, e.g., *Tri-State Empl. Servs., Inc. v. Mountbatten Sur. Co.*, 295 F.3d 256, 261 n. 2 (2d Cir.2002); *Miller v. Batesville Casket Co.*, 219 F.R.D. 56 (E.D.N.Y.2003).

A. *Convenience of Witnesses and Availability of Process*
"The convenience of party and nonparty witnesses is usually the most important consideration in deciding a motion to transfer venue." *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F.Supp.2d 525, 529 (S.D.N.Y.2004). Plaintiffs have identified potential witnesses who live in Kansas, Missouri, Oklahoma, Nebraska, and Texas. Def's Reply Mem at 7. Plaintiffs have not at this point in time identified one witness, or potential witness, that resides in New York state, or any of its adjoining states. *Id.* To the extent Plaintiffs may try to obtain oral testimony from class members, Defendants point out that less than 3% of those class members live in New York or its adjoining states. Def. Reply Mem. at 7.

Plaintiffs generally do not argue that New York is more convenient to the witnesses. Rather, Plaintiffs argue that the two venues are mutually inconvenient. See *Consol. Metal Prods., Inc. v. Am. Petroleum Inst.*, 569 F.Supp. 773, 774 (D.D.C.1983) (1404(a) allows transfer to a "more convenient forum, not to a forum likely to prove equally convenient."). Yet given that the majority of witnesses, at this point in time, will likely be from the Midwest-including Kansas or Missouri-it is hard to say that Kansas or Missouri is not more convenient for potential witnesses.

To the extent that compulsory process may be an issue, it appears that while compulsory process might be available to compel some significant portion of the current potential witnesses to appear in Kansas or Missouri, it will not be available to compel the vast majority of the current potential witnesses to appear in New York. Cf. *Commercial Solvents Corp. v. Liberty Mut. Ins. Co.*, 371 F.Supp. 247, 250 (S.D.N.Y.1974) ("courts generally transfer cases when important witnesses can not be compelled to testify in the forum, but could be subpoenaed in the transferee court.").

B. *Convenience of Parties*
For Defendant Tap, a Nebraska corporation with its principal place of business in Kansas,

Kansas is clearly a more convenient forum. Plaintiffs argue, without citing case law, that transferring the case "would greatly increase litigation costs" for the "low wage employees" who comprise the potential class. Pl.'s Opp'n Mot. at 15. It is true that Plaintiff's counsel is located in New York. Yet courts have generally accorded "little weight" to the convenience of plaintiffs' attorneys. See Bordiga v. Directors Guild, 159 F.R.D. 457, 463 (S.D.N.Y.1995); Kolko v. Holiday Inns, 672 F.Supp. 713, 715 (S.D.N.Y.1987).

As for plaintiffs themselves, only ten potential class members live in New York state, and none in the Southern District. It is worth noting as well that named Plaintiff Shirley Montgomery resides in Springfield, Missouri, the location of the Southern Division of the Western District of Missouri.

C. *Locus of Operative Facts*
*4 The locus of operative facts is another "primary factor" in determining whether to transfer venue. *Mattel, Inc. v. Procount Bus. Servs.*, 2004 U.S. Dist. LEXIS 3895 (S.D.N.Y.2004). Here, due to the itinerant schedule of Defendants' workers against whom the alleged violations were committed, the operative facts are spread throughout the United States.

Defendant argues that since the highest percentage of its sales are in Missouri, the cause of action is more substantially connected with Missouri. Def's Second Mem at 16. However, the difference in percentage is relatively small. For example, in fiscal year 2006, while 8.9% of Tap's sales occurred in Missouri, 3.6% occurred in New York. *Id.*

D. *Location of Documents*
As noted, most, if not all, of the relevant documentation in this case is located in Defendant's headquarters in Kansas. No relevant documents are located in New York. Plaintiffs argue that the physical location of the documents is irrelevant given the availability today of electronic means of transmission. See *In re Glenayre Techs., Inc. Sec. Litig., 982 F.Supp. 294, 300 (S.D.N.Y.1997)*.

The balance of interests here, albeit slight, favors transfer to Kansas.

E. *Relative Means of Parties*
Plaintiffs allege that Defendant is a large corporation, and thus has ample means to travel to New York. Pl.'s Opp'n. at 14. Plaintiffs further argue that the class is comprised of low wage employees, and that transferring the case would greatly increase their litigation costs. Pl.'s Opp'n. at 15. However, as noted above, the convenience of plaintiffs' counsel is afforded little weight when considering a motion to transfer venue. Additionally, to the extent named Plaintiff Montgomery seeks to participate in the litigation, Missouri is a more convenient forum for her.

F. *Governing Law*
Generally, there exists an interest in having the trial in a forum that is familiar with the governing law. See *Frederick Joseph Jennis v. Duane Rood, et al.*, 2007 U.S. Dist. LEXIS 3321 (N.D.N.Y.2007). Here, Plaintiff solely alleges violations of a federal statute. Either forum is equally familiar with federal law.

Here, the balance of interests is neutral.

G. *Plaintiffs' Choice of Forum*

Plaintiffs' strongest argument against transfer is that Plaintiffs themselves chose to bring suit in New York. However, although the plaintiff's choice of forum is generally entitled to "substantial weight," this presumption applies with less force where the plaintiff chooses a foreign forum and the cause of action bears little relation to the chosen forum. *See, e.g., Bassili v. Chu*, 242 F.Supp.2d 223, 232 (W.D.N.Y.2002). Such is the case here.[FN8]

> FN8. "The deference owed to plaintiffs' choice of forum is further diminished where transfer is sought to the forum where plaintiffs reside." *Onyeneho v. Allstate Ins Co.*, 2006 U.S. Dist. LEXIS 85569, at *11 (D.D.C.2006) (citations omitted).

Additionally, Defendants argue that a plaintiff's choice of forum receives less deference in a purported class action, where "numerous potential plaintiffs ... [are] each possibly able to make a showing that a particular forum is best suited ..." *Eichenholtz v. Brennan*, 677 F.Supp. 198, 202 (S.D.N.Y.1988), citing *Koster v. Lumbermens Mutual Co.*, 330 U.S. 518, 524 (1947). Plaintiffs counter that because this lawsuit is a FLSA collective action, in which plaintiffs "opt-in"-rather than a typical Rule 23 class action, in which plaintiffs "opt-out"-that essentially, any plaintiffs who "opt-in" to the litigation will have affirmatively done so, and thus their choice of forum is entitled to greater deference. "Several courts have noted that the 'opt-in' structure of collective actions under section 216(b) of the FLSA strongly suggests that Congress intended to give plaintiffs considerable control over the bringing of a FLSA action." *Onyeneho v. Allstate Ins Co.*, 2006 U.S. Dist. LEXIS 85569, at *10 n. 2 (D.D.C.2006) (internal citations omitted), citing, e.g., *Johnson v. Big Lots Stores, Inc.*, 2005 U.S. Dist. LEXIS 2221, at *10-11 (E.D.La.2005) (declining to transfer FLSA case to another district for consolidation because plaintiffs had chosen to "opt-in" to litigation in original district).

*\*5* Plaintiffs' argument would be stronger in a situation where plaintiffs had already "opted-in" to the lawsuit, as opposed to here, where the litigation is nascent. In any case, whether plaintiffs "opt-in" or "opt-out" seems secondary to the ultimate convenience (or inconvenience) of the forum to the parties and witnesses involved. *See, e.g., Onyeneho v. Allstate Ins Co.*, 2006 U.S. Dist. LEXIS 85569, at *10 n. 2 (the fact that a "case has been designated a collective action under the FLSA is of little importance in the face of numerous factors weighing strongly in favor of transfer ...").

While Plaintiff's choice of New York counsels against transfer, because Plaintiffs have chosen a foreign forum, and the lawsuit bears little relation to New York, Plaintiffs' choice does not counsel against transfer as strongly as Plaintiffs would like.

H. *Interests of Justice*

Courts can consider trial efficiency and general "interests of justice" in considering a motion to transfer. *See Balaban v. Pettigrew Auction Co.*, 1997 U.S. Dist. LEXIS 22127, at *10-11 (S.D.N.Y.1997). However, the parties have put forth no evidence of circumstances, such as crowded docket conditions, that might militate a speedier prosecution of the action in one District as opposed to another. *See De Jesus v. National R. Passenger Corp.*, 725 F.Supp. 207, 209 (S.D.N.Y.1989). The balance of interests here is neutral.

## IV. CONCLUSION

Here, Plaintiffs have chosen a forum with little connection to the facts of the case. The totality of the factors, particularly the convenience of the parties and witnesses, favors transfer to either Kansas or Missouri. Because Defendant primarily requested transfer to

Missouri, and because named Plaintiff Shirley Montgomery resides in Missouri, Defendant's Motion to Transfer Venue to the Southern Division of the Western District of Missouri is GRANTED.

The Clerk of the Court is instructed to transfer this case to the Southern Division of the Western District of Missouri and remove it from my docket.

**SO ORDERED.**

S.D.N.Y.,2007.
Montgomery v. Tap Enterprises, Inc.
Slip Copy, 2007 WL 576128 (S.D.N.Y.)

Motions, Pleadings and Filings (Back to top)

• 2007 WL 697938 (Trial Motion, Memorandum and Affidavit) Defendant's Reply Memorandum in Support of Its Motion to Transfer Venue Pursuant to 28 U.S.C. | 1404(a) (Jan. 22, 2007)
• 2007 WL 697937 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Opposition to Defendant's Motion to Transfer Venue (Jan. 8, 2007)
• 2006 WL 4047906 (Trial Motion, Memorandum and Affidavit) Second Amended Memorandum of Law in Support of Defendant's Motion to Transfer Venue (Dec. 6, 2006)
• 2006 WL 3618893 (Trial Pleading) Defendant's Answer and Defenses to Plaintiff's Complaint (Oct. 11, 2006)
• 2006 WL 2582234 (Trial Pleading) Complaint (Aug. 1, 2006) Original Image of this Document (PDF)
• 1:06cv05799 (Docket) (Aug. 1, 2006)
END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.