Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 107633 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.)

Page 1

C
Howard v. Four Seasons Hotels Ltd.
S.D.N.Y.,1997.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Claudia S. HOWARD and Ted Howard, Plaintiffs,
v.
FOUR SEASONS HOTELS LIMITED, Defendant.
No. 96 Civ. 4587 (LAP).

March 10, 1997.

*MEMORANDUM & ORDER*

PRESKA, District Judge:

*1 This action arises out of Four Seasons Hotels Limited's ("Four Seasons") allegedly negligent preparation and handling of a salad served to plaintiff Claudia Howard while a guest at Four Seasons. Defendant moves pursuant to § 1404(a) to transfer this action from the Southern District of New York to the District of Massachusetts. For the reasons that follow, defendant's motion is granted.

*BACKGROUND*

On November 2, 1993, while a guest at the Four Seasons Hotel in Boston, Massachusetts, plaintiff Claudia Howard consumed a bug-infested salad. (Plaintiffs' Complaint ("Compl."), ¶¶ 22-26). Plaintiff Claudia Howard alleges that as a result of the negligent preparation and handling of the salad, she has suffered personal and emotional distress. (*Id.*). In addition to seeking damages for negligence, plaintiff Claudia Howard claims damages as a result of the breach of implied and express warranties of fitness that arose with the purchase of the salad. Plaintiff Ted Howard, Claudia Howard's husband, seeks damages for loss of consortium. (*Id.* ¶¶ 45-48).

*DISCUSSION*

I. Transfer of Venue

The decision to transfer an action "lies within the sound discretion of the district court." *Minnette v. Time Warner,* 997 F.2d 1023, 1026 (2d Cir.1993) (cited by *Friedman v. Revenue Management of New York,* 38 F.3d 668, 672 (2d Cir.1994)); *accord Stewart Org. Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir.1992) (noting, in the context of Section 1404, that "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis"); *Lykes Bros. S.S. Co., Inc. v. Sugarman,* 272 F.2d 679, 680 (2d Cir.1959) (stating that this decision is "peculiarly one for the exercise of judgment by those in daily proximity to these delicate problems of trial litigation").

Notwithstanding this discretion, a district court must adhere to certain limitations. A court may transfer an action only if 1) the plaintiff could have brought the case initially in the proposed transferee forum; and 2) the transfer would promote the convenience of the parties and witnesses and would be in the interests of justice. *Baker v. Bennett,* 942 F.Supp. 171, 175-76 (S.D.N.Y.1996); *see also Joint Stock Society "Trade House of Descendants of Peter Smirnoff, official Purveyor to the Imperial Court" v. Heublein,* 936 F.Supp. 177, 185 (D.Del.1996) (citations omitted). As the United States Supreme Court held, "the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." *Hoffman v. Blaski,* 363 U.S. 335, 343-44, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

Defendant resides in Massachusetts within the meaning of § 1391. Because the District Court for the District of Massachusetts has personal jurisdiction over defendant, this action could have origin-



Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 107633 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.)

Page 2

ally been brought in this district. Thus, the first prerequisite is satisfied. Next, I must consider whether the transfer would promote the convenience of the parties and the witnesses.

*2 This second limitation on a court's discretion is governed by the statutory standard applicable to a motion to transfer. Section 1404(a) requires the moving party to satisfy a heavy burden. *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978) (holding, in the context of Section 1404(a), that "[t]here can be no doubt that the burden is on the defendant, when it is the moving party, to establish that there should be a change of forum"), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Baker,* 942 F.Supp. at 176 (stating that "burden is on the moving party to establish that there should be a change of venue"); *Joint Stock Soc.,* 936 F.Supp. at 185 (same); *Anglo America Insurance Group, P.L.C. v. Calfed Inc.,* 916 F.Supp. 1324, 1327 (S.D.N.Y.1996). The moving party may meet its burden by applying the following established factors to guide the court's discretion:

(1) the place where the operative facts occurred; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the relative ease of access of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the plaintiff's choice of forum; (7) the forum's familiarity with the governing law; and (8) trial efficiency and the interests of justice.

*Baker,* 942 F.Supp. at 176 (citing *Dahl v. HEM Pharmaceuticals Corp.,* 867 F.Supp. 194, 195 (S.D.N.Y.1994)); *D'Anton,* 937 F.Supp. at 323.

1. Location of the Operative Facts

The defendants have submitted affidavits indicating that the locus of the operative facts in this case is Boston, Massachusetts. The purchase, preparation, and handling of the aphid-infested salad all occurred in Massachusetts. Plaintiffs concede that the operative facts did occur in Massachusetts. (Simon Aff. ¶ 8).

2. Convenience of the Parties and Witnesses

Plaintiffs rely primarily on the convenience of both party and non-party witnesses to oppose defendant's motion to transfer. "[T]he convenience of both party and non-party witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted." *Frasca v. Yaw,* 787 F.Supp. 327, 331 (E.D.N.Y.1992) (citation omitted). According to plaintiffs' opposition papers, plaintiff Claudia Howard was expected to give birth in late January of 1997. (Simon Aff. ¶ 12 Plaintiffs' Memorandum of Law in Opposition to Defendant's Transfer Motion, p. 5). Although her doctors' admonitions against travelling during her pregnancy are presumably now moot, I also presume that she and/or Mr. Howard have the responsibility for caring for a newborn infant. Against this factor I must weigh the asserted inconvenience and alleged impossibility for Four Seasons to defend this action in the Southern District of New York.

Defendants do not argue that a trial in New York inconveniences it. Four Seasons is registered to do business in New York and has designated the principal location of its corporation as New York County. (Simon Aff., Ex. 2). Instead, defendant points to the residences of the witnesses it intends to call to argue inconvenience.

*3 "When a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Factors,* 579 F.2d at 218. Defendant has submitted a list of witnesses it intends to call as well as a brief summary of the testimony it hopes to elicit from them. (Reply Affirmation of James Woolsey, III, sworn to on September 27, 1996 ("Woolsey Aff."), ¶ 3). Defendant states it will call the following witnesses: (1) Kyle Lott, the assistant manager on duty on November 2, 1993; (2) Seth Andrews, also an assistant manger on duty on November 2; (3) Peter Mansback, an employee in defendant's food and beverage department at the time of the incident; and (4) Jamie Mamano, the

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 107633 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.)

Page 3

Executive Chef at the time of the incident. (*Id.*). The last known addresses for all four of these witnesses are in Massachusetts. (*Id.*). I find the convenience to the plaintiffs, who presumably bear the responsibility of caring for a newborn, weighed against the inconvenience to these non-party witnesses does not militate in favor of a transfer but rather, at best, brings the balance of factors in equipoise. Thus, I look to additional factors to determine the asserted need for a transfer.

3. Availability of Process to Compel Attendance of Witnesses

More than the inconvenience to these witnesses, defendant emphasizes the impossibility of compelling attendance of these witnesses if the action continues in the Southern District of New York. Defendant no longer employs or exercises control over these witnesses. (*Id.*). Therefore, defendant argues, if this action proceeds in the Southern District of New York, these witnesses would be beyond the subpoena power of this court, and defendant would be prejudiced by its inability to call these witnesses. (*Id.* ¶ 4). *See Murray v. British Broadcasting Corp.*, 81 F.3d 287, 294-95 (2d Cir.1996) (in forum non conveniens analysis, inability of defendants to compel attendance of non-party witnesses favored dismissal); *Blanco v. Banco Industrial de Venezuela, S.A.*, 997 F.2d 974, 982-83 (2d Cir.1993).

Although "a plaintiff's choice of forum is generally given substantial weight,"*D'Anton JOS, S.L. v. The Doll Factory, Inc.*, 937 F.Supp. 320, 323 (S.D.N.Y.1996); *Joint Stock Soc.*, 936 F.Supp. at 186 ("A plaintiff's choice of forum is a paramount consideration in any determination of a transfer request, and the court should not disturb the plaintiff's choice lightly."), weighing the inconvenience to plaintiffs against the prejudice to defendant arising from its inability to call these witnesses, I conclude that the convenience of the party and non-party witnesses favors a transfer to the District of Massachusetts.

4. The Forum's Familiarity with the Governing Law

"[A] federal court sitting in diversity applies the forum state's choice of law rules to decide which state's substantive law applies." *Id.* (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941)). New York choice of law rules require the application of Massachusetts law to plaintiffs' claims.[FN1] Even if this action were transferred, New York law would still govern which law should be applied to plaintiff's claims. *Weinstein v. Friedman*, 1996 WL 137313 at *1 ("if an action was transferred from a forum in which the action could have been maintained, then the transferee court must apply the choice of law rules of the transferor court") (citing *Van Dusen*, 376 U.S. at 638-39, 84 S.Ct. at 820-21). Because the District of Massachusetts is presumably more familiar with Massachusetts law than a court sitting in New York, this factor also weighs in favor of a transfer.

> FN1. Under New York's "interest analysis" approach, the law of the jurisdiction with the greatest interest in the outcome is applied. *Schultz v. Boy Scouts of America*, 65 N.Y.2d 189, 480 N.E.2d 679, 491 N.Y.S.2d 90 (1985). Because the negligent act occurred in Massachusetts and at least one of the parties resides in Massachusetts, New York choice of law rules would require the application of Massachusetts law. *Miller v. Bombardier, Inc.*, 872 F.Supp. 114 (S.D.N.Y.1995)

*4 After balancing the factors noted above, I find that the defendant has sustained its heavy burden of demonstrating that the transfer would promote the convenience of the parties and the witnesses and is in the interests of justice.

*CONCLUSION*

For the reasons set forth above, this action is transferred to the District of Massachusetts.

S.D.N.Y.,1997.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 107633 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Page 4

Howard v. Four Seasons Hotels Ltd.
Not Reported in F.Supp., 1997 WL 107633 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.