IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL DISTRICT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

TIARA CONDOMINIUM ASSOCIATION, INC.,
    Plaintiff,

vs.

Case #50-2005-CA007511XXXXMB
(Honorable John Hoy)

CITIZENS PROPERTY INSURANCE
  CORPORATION,
    Defendant.
_____/

### DEFENDANT, CITIZENS PROPERTY INSURANCE CORPORATION'S COUNTERCLAIMS AGAINST PLAINTIFF, TIARA CONDOMINIUM ASSOCIATION, INC.

COMES NOW, the Defendant, Citizens Property Insurance Corporation ("Citizens" or "Defendant"), by and through its undersigned counsel, and files its Counterclaims Against Plaintiff, Tiara Condominium Association, Inc.'s ("Tiara" or "Plaintiff") in response to Plaintiff's Second Amended Complaint and states as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTERCLAIMS

1. Citizens is a domestic corporation mandated by the Florida Statutes to provide insurance of last resort to the residents of the State of Florida and is organized under the provisions of applicable enabling Legislation creating the corporation as an insurer of last resort to the citizens of the State of Florida.

2. Upon information and belief, Plaintiff, Tiara Condominium Association is a domestic corporation operating in Palm Beach County, Florida at 3000 North Ocean Drive, Singer Island.

3. The applicable policy of insurance is issued by the High Risk Account of Citizens under the provisions of the enabling statute creating Citizens and the High Risk Account, Section

EXHIBIT 6



47. Prior to obtaining a policy of insurance with Citizens, an appraisal of the value of the property was conducted by Allied Appraisal Services, Inc. on behalf of Tiara.

48. That appraisal placed the replacement cost value of the property owned by Tiara Condominium Association, Inc. at approximately $59 million.

49. Then prior to Tiara's renewal for policy period June 1, 2004, to June 1, 2005, Tiara issued the notice to the unit owners attached as Exhibit 5 advising the unit owners that due to changes in the Florida Condominium Act, Section 718.111(11)(b), the Association was no longer going to insure certain property under the Association's property/casualty insurance policies and it was advising the unit owners to obtain insurance for such property.

50. The Association further advised the unit owners that failure to procure insurance for the property will result in that property being uninsured.

51. It was the Board of Director's own decision to then reduce the amount of necessary coverage and insure the property for the policy limit of $49,970,530, thereby reducing its prior coverage by $7,582,668, and reducing its total premium by $38,446.00.

52. Under Florida law, in the absence of a loss clause in an insurance policy that expressly provides that any loss shall not reduce the amount recoverable in a policy, the insurer is held liable, at most, in successive losses, for only the difference between the amount paid on the first loss and the amount named on the policy as its coverage.

53. The policy of insurance issued by Citizens to Tiara contains no specific loss clause as necessary under Florida law in order to construe that the policy limits "reload" for successive losses in a given policy period.

54. Between September 5, 2004 and July 28, 2005, Citizens tendered the following payments to Tiara toward its claim for damages:

8

01/03/2006   16:50   POWERS MCNALIS AND TORRES → 18132293692P8516                NO.414   P022

## DEMAND FOR TRIAL BY JURY

The Defendant, Citizens Property Insurance Corporation, demands a trial by jury as to all triable issues and seeks any and all other relief as this Honorable Court deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via facsimile and U.S. Mail delivery on this 3 day of January, 2006 to William F. Merlin, Esquire, Merlin Law Group, P.A., 777 S. Harbour Island Boulevard, #950, Tampa, FL 33602, and Bill Bone, Esquire, Larmoyeux & Bone, P.L., 550 S. Quadrille Blvd., Suite 200, West Palm Beach, FL, 33401; Lawrence Keefe, Esq., Anchors, Fosters, McInnis, & Keefe, P.A., 909 Mar Walt Drive, Suite 1014, Fort Walton Beach, FL., 32547; and Ralph E. Troisi, Esquire, 317 Garrison Lane, Waverly, WV 26184.

**POWERS, McNALIS, TORRES & TEEBAGY**
P.O. Box 21289
West Palm Beach, FL 33416-1289
561-588-3000 (Telephone)
561-588-3705 (Facsimile)
Attorneys for Citizens Property Insurance Corporation

By: _____
DANIEL M. MCNALIS, ESQ.
Florida Bar No. 607568
STEPHANIE H. LUONGO, ESQ.
Florida Bar No. 0555703
FRANK J. INGRASSIA, ESQ.
Florida Bar No. 0116180

8516/116