Mitchell J. Auslander (MA 1224)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8201

*Attorneys for the Marsh Defendants*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
TIARA CONDOMINIUM ASSOCIATION,
INC.                                                       :

               Plaintiff,       :      CASE NO. 07-CIV-9392

      - against -             :      Judge Harold Baer, Jr.

MARSH & MCLENNAN COS., INC., *et al.*,  :

              Defendants.     :

-----------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MARSH
DEFENDANTS' MOTION TO TRANSFER VENUE**


                        **DATED: FEBRUARY 19, 2008**

1454085.6

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| ARGUMENT | 1 |
| I. THIS ACTION COULD HAVE BEEN BROUGHT IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA | 1 |
| II. THE BALANCE OF CONVENIENCE AND THE INTEREST OF JUSTICE STRONGLY WEIGHS IN FAVOR OF TRANSFERRING THIS CASE TO THE SOUTHERN DISTRICT OF FLORIDA. | 3 |
| A. Convenience of Witnesses Favors Florida. | 3 |
| B. Availability of Process Favors Florida. | 5 |
| C. Convenience of Parties Favors Transfer to Florida. | 5 |
| D. Florida Is The Locus of Operative Facts. | 6 |
| E. Florida Is The Location of Relevant Documents. | 7 |
| F. Relative Means of the Parties. | 7 |
| G. Familiarity of Each District with the Governing Law. | 7 |
| H. Tiara's Choice of Forum Should Be Given Little Weight. | 8 |
| I. Judicial Economy and Interest of Justice. | 10 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Berman v. Informix Corp.*, 30 F. Supp. 2d 653 (S.D.N.Y. 1998) ..........................................9

*Elec. Workers Pension Fund, Local 103 v. Nuvelo, Inc.*, 2007 U.S. Dist. LEXIS 52246 (S.D.N.Y. July 17, 2007) ..........................................3

*Ferens v. John Deere Co.*, 494 U.S. 516 (1990) ..........................................8

*Foster v. United States Lines Co.*, 188 F.Supp. 389 (S.D.N.Y. 1960) ..........................................9

*Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370 (S.D.N.Y. 2006) ..........................................8

*Grace v. Bank Leumi Trust Co.*, 2004 U.S. Dist. LEXIS 5294 (S.D.N.Y. Mar. 30, 2004) ..........................................9

*Hershman v. Unumprovident Corp.*, 2007 U.S. Dist. LEXIS 30402 (S.D.N.Y. Apr. 25, 2007) ..........................................9

*Indian Harbor Insurance Co. v. Factory Mutual Insurance Co.*, 419 F. Supp. 2d 395 (S.D.N.Y. 2005) ..........................................4

*Kwik Goal, Ltd. v. Youth Sports Publ'g, Inc.*, 2006 U.S. Dist. LEXIS 34460 (S.D.N.Y. May 31, 2006) ..........................................3-4

*LaSala v. Bank of Cyprus Public Co.*, 510 F. Supp. 2d 246 (S.D.N.Y. 2007) ..........................................8

*Montgomery v. TAP Enterprises, Inc.*, 2007 U.S. Dist. LEXIS 12702 (S.D.N.Y Feb. 26, 2007) ..........................................8

*Schnabel v. Ramsey Quantitative Systems, Inc.*, 322 F. Supp. 2d 505 (S.D.N.Y. 2004) ..........................................9

*St. Regis Mohawk Tribe v. New York*, 774 F. Supp. 185 (S.D.N.Y. 1991) ..........................................8

*TSR Silicon Resources, Inc. v. Broadway Com Corp.*, 2007 U.S. Dist. LEXIS 92121 (S.D.N.Y. Dec. 14, 2007) ..........................................8

*Wechsler v. Macke International Trade, Inc.*, 1999 U.S. Dist. LEXIS 19800 (S.D.N.Y. Dec. 21, 1999) ..........................................4

## FEDERAL STATUTES

28 U.S.C. §89 (2007) ..........................................3

28 U.S.C. §112 (2007) .................................................................................................4

Fed. R. Civ. P. 45 .........................................................................................................5

## STATE STATUTES

Fla. Stat. Ann. §48.193 (LexisNexis 2008) .................................................................2

1454085.6

## INTRODUCTION

Tiara's opposition to Marsh's Motion to Transfer Venue is frivolous. Nothing in Tiara's opposition papers or its newly-filed amended pleading alters the conclusion that this case should be transferred to the Southern District of Florida. Tiara does not dispute that this case involves a dispute between a Florida insurance broker and its Florida client concerning a wind damage insurance policy placed in Florida with a Florida insurer covering a luxury condominium in Florida that was damaged by two hurricanes. Almost all of the material witnesses reside in Florida. No material witnesses reside in the Southern District of New York. Florida also is a more convenient forum the parties, as Tiara is a Florida corporation with no connection to New York and Marsh USA's Sunrise, Florida office placed the policy at issue. All of the operative facts took place in Florida. Florida is the place where the policy was negotiated, procured and issued, where virtually all of the material witnesses live, where the insurer is based, and where the alleged misrepresentations, negligence, and breach of contract occurred.

Lastly, Tiara's choice of forum is greatly diminished because New York is not its home forum, the claims at issue bear no material relationship with New York, and the filing of this case in New York is a transparent attempt at forum shopping. Faced with the prospect of being before the same district judge who rejected its negligence claim under Florida's economic loss rule, Tiara has brought its case in this distant judicial district where it does not belong.

## ARGUMENT

**I. THIS ACTION COULD HAVE BEEN BROUGHT IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA.**

Tiara contends that this case could not have been brought in the Southern District of Florida because that court allegedly lacks personal jurisdiction over Marsh & McLennan Companies, Inc. ("MMC") and Marsh Inc. (Tiara's Opposition, dated Feb. 11, 2008 ("Opp.") at

7-8.) This contention is contradicted by the allegations in Tiara's Amended Complaint which, taken as true, demonstrate that the Southern District of Florida has personal jurisdiction over these defendants under the Florida long-arm statute. *See* Fla. Stat. Ann. §48.193(1) (LexisNexis 2008).

The Florida long-arm statute provides that a person is subject to personal jurisdiction if that person "[b]reach[es] a contract in this state by failing to perform acts required by the contract to be performed in this state." *See Id.* §48.193(1)(g). In this case, Tiara alleges that it entered into a contract with MMC and Marsh Inc., and that these defendants breached their contractual obligations to Tiara in Florida by allegedly not procuring adequate policy limits under the wind damage policy at issue here. (Amended Complaint ("AC") ¶ 6 ("TIARA purchased an insurance policy through Defendants in the State of Florida for property located in Florida."); ¶ 29 ("TIARA entered into a contract with MARSH wherein TIARA retained MARSH to advise TIARA as to the amount and types of insurance policies it needed, and to advise TIARA as to its rights under those policies."); ¶¶ 30-37.)

According to the Amended Complaint, the Southern District of Florida also has personal jurisdiction over MMC and Marsh Inc. because Tiara alleges that these defendants committed tortious acts within the State of Florida. *See* Fla. Stat. Ann. §48.193(1)(b). Indeed, the Amended Complaint alleges that MMC and Marsh Inc. made misrepresentations and committed negligent acts in Florida in connection with the placement of the wind damage policy. (AC ¶¶ 38-70.)[1]

---

[1] The Amended Complaint defines "MARSH" as MMC, Marsh Inc., and Marsh USA Inc. (AC, at p. 1.) In addition, Tiara states in its Opposition that it "retained" all three Marsh defendants "to provide insurance advice and procure a number of insurance policies . . . ." (Opp. at 3.) MMC and Marsh Inc. are holding companies which had nothing to do with the placement of the insurance at issue but, according to the Amended Complaint, they should be treated the same as Marsh USA Inc. Tiara does not dispute that the Southern District of Florida has personal jurisdiction over Marsh USA Inc.

Curiously, Tiara claims that venue is not proper in the Southern District of Florida because the Marsh USA Sunrise, Florida office is "actually located in the Middle District of Florida." (Opp. at 8.) This statement is patently false. Sunrise is a city in Broward County, and Broward County is located squarely within the Southern District of Florida. *See* 28 U.S.C. §89(c) (2007) ("The Southern District [of Florida] comprises the counties of Broward . . ."); Michelin North America, Inc., North America Road Atlas: United States, Canada & Mexico 233 (Michelin Travel Publications 2003).[2]

## II. THE BALANCE OF CONVENIENCE AND THE INTEREST OF JUSTICE STRONGLY WEIGHS IN FAVOR OF TRANSFERRING THIS CASE TO THE SOUTHERN DISTRICT OF FLORIDA.

The balancing of the various transfer factors overwhelmingly favors transferring this case to the Southern District of Florida. *See Elec. Workers Pension Fund, Local 103 v. Nuvelo, Inc.*, 2007 U.S. Dist. LEXIS 52246, at *10 (S.D.N.Y. July 17, 2007) (Baer, J.) (listing factors).

### A. Convenience of Witnesses Favors Florida.

In its Opposition, Tiara fails to identify a single material witness who resides in the Southern District of New York. This is fatal. *See Kwik Goal, Ltd. v. Youth Sports Publ'g, Inc.*, 2006 U.S. Dist. LEXIS 34460, at *10 (S.D.N.Y. May 31, 2006) (Baer, J.) (granting transfer motion where "no witnesses in the SDNY but worse yet for the plaintiff, all the 'key' witnesses . . . reside in [the transferee court]."); *Elec. Workers*, 2007 U.S. Dist. LEXIS 52246, at *14 (Baer, J.) ("district courts have given little, if any, weight to the convenience of witnesses who reside in neither the transferor nor transferee forum.") (citations omitted).

Unable to identify a single witness in the Southern District of New York, Tiara argues that two of its witnesses live in New Jersey and Pennsylvania, not New York. (Opp. at 12.) This

---

[2] The Marsh USA office is located in Sunrise, Florida 33323. (AC, ¶ 50 Ex. 1.)

is irrelevant. *See Kwik Goal*, 2006 U.S. Dist. LEXIS 34460, at *10. Tiara also contends that another one of its witnesses, Lou Brindisi, resides in the State of New York. (*Id.*) However, Mr. Brindisi recently testified that he lives in Utica, New York, which is outside the Southern District of New York. (*See* Declaration of Gregory Conway Decl. ¶ 3, Ex. A); *See also* North America Road Atlas, *supra,* at 79 (Utica is part of Oneida County); 28 U.S.C. § 112(a) (2007) (Oneida County is in the Northern District of New York). Moreover, Mr. Brindisi apparently has no problem traveling to Florida, as his deposition was taken in North West Palm Beach, just last month. (Conway Decl. ¶ 3, Ex. A.) In any event, all of these witnesses presumably own condominium units in Tiara and, as a result, travel to Florida is not a hardship.

Tiara also claims that several non-party witnesses reside in Maryland and Michigan. (Opp. at 12.) Since none of these witnesses reside in the Southern District of New York, they are inconsequential for purposes of analyzing the convenience of the witnesses. *See Wechsler v. Macke Int'l Trade, Inc.*, 1999 U.S. Dist. LEXIS 19800, at *17 (S.D.N.Y. Dec. 21, 1999) ("The Court dismisse[d] from consideration the convenience of witnesses who are located outside both the current and transferee forums."); *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 403 (S.D.N.Y. 2005) (same).

Finally, Tiara contends that there are Marsh witnesses who reside in New York. (Opp. at 11-12.) Remarkably, Tiara does not name a single one of these witnesses and, as such, this argument is of no significance. In contrast, Marsh provided a sworn declaration demonstrating that all of the material Marsh witnesses reside in Florida and none live in New York. (*See* Memorandum of Law in Support of the Marsh Defendants' Motion to Transfer Venue ("Marsh's Opening Brief") at 8-10; Declaration of Brian V. Fitzsimmons ("Fitzsimmons Decl.") ¶¶ 12-13.) Marsh also demonstrated that non-party witnesses from the insurer who issued the policy at issue

here reside in Florida, as well as a non-party witness knowledgeable about the nature of repairs undertaken at Tiara and the drying out remediation efforts described in the Amended Complaint. (*Id.*; Fitzsimmons Decl. ¶¶ 7, 8, 10, 14A-B, 16A). Tiara has no answer for this.

### B.  Availability of Process Favors Florida.

Tiara contends that "most of Marsh Defendants' corporate witnesses" are located in New York outside the subpoena power of the Southern District of Florida. (Opp. at 14.) The argument should be entirely ignored because Tiara does not identify a *single* one of these Marsh witnesses. Tiara also claims that "many of [its] witnesses live on the East Coast," (Opp. at 12) but Tiara fails to demonstrate that any of them would be subject to the subpoena power of the Southern District of New York. *See* Fed. R. Civ. P. 45 (b)(2)(B) ("a subpoena may be served at any place . . . outside [the] district but within 100 miles of the place specified for the…trial"). In fact, many of plaintiff's purported witnesses appear to be outside the subpoena power of this judicial district. (*See, e.g.,* Opp. at 12 (certain witnesses live in Maryland, Michigan, West Chester, Pennsylvania, and Utica, New York).) In any event, the fact remains that the material witnesses knowledgeable about the placement of the wind damage policy are in Florida, and that these witnesses are beyond the subpoena power of this Court. (*See* Marsh's Opening Brief at 8-11.) Tiara does not dispute this.

### C.  Convenience of Parties Favors Transfer to Florida.

In its Opposition, Tiara concedes, as it must, that transferring this case back to its home forum would not cause it any inconvenience. (Opp. at 11.) Instead, Tiara contends that transferring this action "would most likely inconvenience Marsh & McLennan, and Marsh Inc." (Opp. at 10.) This too is irrelevant. In all events, nowhere does Tiara explain the nature and extent of the purported inconvenience to these two defendants. Tiara further contends that Marsh USA "would clearly be inconvenienced as well because all corporate witnesses based out

of New York would have to travel to Florida for trial." (*Id.* at 10-11.) Again, however, Tiara fails to identify a single Marsh witness who would be inconvenienced by a trial in Florida. In fact, the opposite is true. All of the Marsh witnesses reside in Florida, including two former employees, and all of these witnesses would be inconvenienced by having to travel over 1,200 to this judicial district. (*See* Marsh's Opening Brief at 8-11.) Marsh seeks transfer of this case precisely because Florida is the more convenient and more economical forum for it, as well as for Tiara.[3]

### D. Florida Is The Locus of Operative Facts.

Tiara contends that this case concerns "misrepresentations and/or negligent advice by the Marsh Defendants." (Opp. at 12.) Plaintiff further contends that the alleged misrepresentations and negligent advice resulted from "corporate decisions regarding policy coverage, and communications regarding how to respond to Tiara's concerns regarding the amount of coverage," all of which purportedly "occurred at Marsh Defendants' principal place of business in New York, New York." (*Id.* at 13.) Tiara offers absolutely no support for these self-serving and speculative allegations. Indeed, Tiara does not even allege who in New York was involved in these purported "corporate decisions" and "communications." Furthermore, the Amended Complaint contradicts Tiara's argument that the alleged misrepresentations were transmitted from New York. (Opp. at 12-13.) Tiara attaches to its complaint a letter from Marsh USA's Sunrise, Florida office to Tiara's offices in Florida that allegedly contains false statements about the policy limits. (AC ¶ 50; Ex. 1.) Thus, plaintiff's own complaint alleges that the purportedly false statements were made and transmitted in Florida, not New York. (*Id.*)

---

[3] Tiara contends that Marsh is "engaged in far more litigation in this district than in the State of Florida." (Opp. at 11.) Putting aside whether this statement is accurate, it is completely irrelevant as to whether this case belongs in the Southern District of Florida.

Without doubt, Florida is the locus of the operative facts. Tiara does not dispute that the wind damage policy was negotiated, procured, and issued in Florida. (*See* Marsh's Opening Brief at 3-4; 8-9; 11-12.) Marsh USA's office in Florida placed the policy for Tiara. (*Id.*) The policy was underwritten by a Florida insurance company. (*Id.*) The policy covered a condominium project located in that state and the property damage took place there. (AC ¶¶ 6; 19-20.) The alleged false statements, negligent acts and contract breaches purportedly occurred in Florida and caused injury there. (AC ¶¶ 6, 10-17, 29-33, 37, 46, 50, 58; Ex. 1.) And, the key witnesses and relevant documents are located in Florida.

E.     **Florida Is The Location of Relevant Documents.**

In its Opposition, Tiara points to no relevant documents located in New York. (Opp. at 13-14.) This is not surprising, especially given that the insurance broker, the insurance company, and Tiara are all located in Florida. (*See* Marsh's Opening Brief at 12.)

F.     **Relative Means of the Parties.**

Tiara does not contend that transferring this case to Florida would increase *its* litigation costs. (Opp. at 14.) Rather, Tiara argues that Marsh should not be granted the relief it requests because doing so would increase Marsh's litigation costs. (*Id.*) This argument is not only misplaced, it is nonsensical. By transferring this case to Florida, Marsh's litigation costs are reduced because almost all of the material witnesses reside there and other significant evidence is there as well. (*See* Marsh's Opening Brief at 3-4; 8-10; 12.)

G.     **Familiarity of Each District with the Governing Law.**

As demonstrated in Marsh's Opening Brief, under New York's "interest analysis" choice of law approach, Florida has the greatest interest in this litigation because that is where Tiara alleges the misrepresentations were made by Marsh (AC ¶ 50, Ex. 1), where the alleged negligent acts took place (*id.* ¶¶ 6; 63-64), and where the injury was suffered by Tiara (*id.* ¶¶ 37;

-7-

1454085.6

46; 56; 69). (*See* Marsh's Opening Brief at 12-14.) Other than mere conclusory statements, Tiara has not shown that there is any connection between the alleged torts and New York.

Likewise, Florida law applies to the newly asserted breach of contract claim because the "center of gravity" or "grouping of contacts" approach points to that jurisdiction. *See TSR Silicon Res., Inc. v. Broadway Com Corp.*, 2007 U.S. Dist. LEXIS 92121, *7 (S.D.N.Y. Dec. 14, 2007); *LaSala v. Bank of Cyprus Pub. Co.*, 510 F. Supp. 2d 246, 266 (S.D.N.Y. 2007). Here, any purported contract between the parties would have been negotiated in Florida and performed in Florida by the Marsh USA office in Sunrise, Florida. (AC ¶¶ 6; 10-17; 29-33.)

Accordingly, it is likely that Florida law will be utilized in this case and, as such, this factor weighs in favor of transfer. *See Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990) (holding that federal courts favor adjudication of diversity actions by a federal court that sits in the state whose substantive law will govern the case).

### H. Tiara's Choice of Forum Should Be Given Little Weight.

Although the plaintiff's choice of forum is generally given "'substantial weight,' this presumption applies with less force where the plaintiff chooses a foreign forum and the cause of action bears little relation to the chosen forum." *Montgomery v. TAP Enters., Inc.*, 2007 U.S. Dist. LEXIS 12702, *15 (S.D.N.Y. Feb. 26, 2007) (Baer, J.); *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 376 (S.D.N.Y. 2006); *St. Regis Mohawk Tribe v. New York*, 774 F. Supp. 185, 188-89 (S.D.N.Y. 1991). This is exactly the case here. The Southern District of New York is not Tiara's home state (AC ¶ 1) and the operative facts giving rise to plaintiff's claims did not occur in New York. (*See* Marsh's Opening Brief at 3-5; 8-12). And, Tiara's choice of forum is further diminished because Marsh seeks to transfer this case back to plaintiff's home forum in Florida. *Montgomery*, 2007 U.S. Dist. LEXIS 12702, *15 ("The deference owed

to plaintiffs' choice of forum is further diminished where transfer is sought to the forum where plaintiffs reside.'").[4]

Moreover, where a plaintiff files a lawsuit outside of its home forum, "the more it appears the decision is 'motivated by forum shopping reasons,' the less deference will be accorded to it." *Hershman v. Unumprovident Corp.*, 2007 U.S. Dist. LEXIS 30402, *7 (S.D.N.Y. Apr. 25, 2007) (citation omitted). In this case, Tiara appears to have selected this forum to escape Judge Hurley, who has entered final judgment against Tiara in another similar action and who held that Tiara could not assert a negligence claim, like the one asserted here, because of Florida's economic loss rule. *See Grace v. Bank Leumi Trust Co.*, 2004 U.S. Dist. LEXIS 5294, *11 (S.D.N.Y. Mar. 30, 2004) ("And, where, as here, Plaintiffs' choice of forum may be influenced by their effort to avoid a particular judge, Plaintiffs' choice of forum is accorded little weight.") (citation omitted).

Finally, in an effort to justify its choice of forum, Tiara contends that New York is where the Marsh defendants "make corporate decisions regarding policy coverage, set corporate policy, conduct corporate policy, direct corporate training, and author materials." (Opp. at 10.) This too is meaningless because Tiara fails to explain how any of these corporate activities had anything to do with the placement of an insurance policy in Florida using a Florida insurance broker.

---

[4]   The cases cited by Tiara do not support its contention that the Court should accord "great deference" to its choice of forum. (Opp. at 10.) In *Berman v. Informix Corp.*, the court stated that a plaintiff's choice of forum is given "more deference where there is a material connection or significant contact between the forum state and the underlying events allegedly underlying the claim, or where the plaintiff is a resident of the forum district." 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998) (citations omitted). Here, there is no such connection between New York and this dispute. Similarly, Tiara's reliance on *Schnabel v. Ramsey Quantitative Systems, Inc.* is misplaced because, unlike here, the plaintiff was a resident of New York and the operative facts took place in New York. 322 F. Supp. 2d 505, 519 (S.D.N.Y. 2004). Finally, *Foster v. United States Lines Co.* is inapposite because the alleged injuries occurred in foreign waters and there was no evidence that any witnesses would be inconvenienced by a trial in New York. 188 F. Supp. 389, 390-91 (S.D.N.Y. 1960).

### I.     Judicial Economy and Interest of Justice.

The interests of judicial economy and efficiency are promoted because the Southern District of Florida has already litigated similar legal issues in an action between Tiara and its public insurance adjuster arising out of the same hurricane damage at issue here. In that case, the Southern District of Florida applied Florida's economic loss rule to bar a negligence claim. (*See* Marsh's Opening Brief at 14-15.). Similarly, because Judge Hurley has already handled the public adjuster case through trial, he is familiar with all the facts and circumstances of the loss and Tiara's attempts to remediate the damage, including the involvement of Tiara's insurer. It would be a misuse of judicial resources for this Court to become familiar with the same law, facts and circumstances already considered by another federal court.

### CONCLUSION

For all of the foregoing reasons, Marsh respectfully requests that the Court transfer venue to the Southern District of Florida and grant such further relief as the Court deems appropriate under the circumstances, including sanctions against Tiara for engaging in frivolous litigation and motion practice.

Dated:  February 19, 2008

Respectfully submitted,

s/Mitchell J. Auslander
Mitchell J. Auslander (MA-1224)
mauslander@willkie.com
Gregory Conway
gconway@willkie.com
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY  10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Attorneys for Marsh & McLennan Companies, Inc., Marsh Inc. and Marsh USA Inc.*